**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **MATCH GROUP, LLC** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **No. 6:18-cv-00080-ADA** |
| **v.** | § | |
| | § | |
| **BUMBLE TRADING, INC.** | § | <u>**JURY TRIAL DEMANDED**</u> |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

<u>**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER AND NOTICE OF DISPUTE**</u>

Pursuant the Court's Scheduling Order, Dkts. 44, 48, Plaintiff Match Group, LLC ("Match") and Defendant Bumble Trading, Inc. ("Bumble") hereby submit this Joint Motion for Entry of Protective Order and Notice of Dispute.  The proposed protective order is attached to this document as Exhibit A.

After conferring on a protective order, there is only one issue submitted to the Court for resolution.  Match believes that that Court should impose an "ethical wall" between attorneys subject to the agreed prosecution bar and any attorneys with access to HIGHLY SENSITIVE information.  Bumble believes that no such wall is appropriate and that prosecution attorneys should be permitted to assist litigation counsel, so long as litigation counsel does not divulge HIGHLY SENSITIVE information to prosecution counsel.  The parties' competing language is presented on pages 10-11 of the proposed protective order.  The parties' arguments in favor of their competing proposals are set forth below.

1

**Match's proposal**:    It is well settled that lawyers with access to confidential information in litigation should not be permitted to prosecute patents in that technological field during the course of that litigation and for a reasonable period after that litigation ends.[1] Similarly, where a litigant has chosen counsel from the same law firm to both litigate a patent in district court and to prosecute different patents in a related technological field before the Patent Office, prosecution counsel should be walled off from litigation counsel to minimize the risk of inadvertent disclosure between those with access to confidential information and the prosecuting attorneys.[2]    Indeed, an ethical wall is even sometimes insufficient to provide adequate protections. *See Hitachi, Ltd. v. Tatung Co.*, 419 F. Supp. 2d 1158, 1165 (N.D. Cal. 2006) (ethical wall insufficient to guard against inadvertent disclosure where attorney with access to confidential information works in same small office).  Consistent with these principles, Match's proposal requires that any attorney with access to confidential information be walled off from attorneys that engaged in prosecution activities in the field of the patents-in-suit.  This proposal is verbatim from the Model Protective Order from the Eastern District of Texas.  *See* Ex. B.

Bumble opposes.  Despite the parties' status as direct competitors and despite Bumble's Cooley-based prosecution counsel obviously prosecuting patents in the exact same technological

---

[1] *Motorola, Inc. v. Interdigital Tech. Corp.*, No. CIV.A. 93-488-LON, 1994 WL 16189689, at *5 (D. Del. Dec. 19, 1994) (questioning "human ability" to distinguish between information learned by reviewing confidential documents and other information in future prosecution efforts).

[2] *See Gen-Probe Inc. v. Becton, Dickinson & Co.*, 267 F.R.D. 679, 688–89 (requiring ethical wall between any litigation counsel and prosecution counsel in related field); *Valencell, Inc. v. Apple, Inc.*, No. 5:16-CV-1-D, 2016 WL 7217635, at *9 (E.D.N.C. Dec. 12, 2016) (same); *Realtime Data LLC v. Acronis, Inc.*, No. 17-CV-11279-IT, 2017 WL 9292268, at *5 (D. Mass. Nov. 28, 2017) (same); *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 546 F. Supp. 2d 951, 958 (S.D. Cal. 2008) (implementing ethical wall to guard against inadvertent disclosure between prosecution counsel and litigation counsel); *Digital Empire Ltd. v. Compal Elecs. Inc. Grp.*, No. 14-CV-1688-DMS(KSC), 2015 WL 10857544, at *5 (S.D. Cal. July 20, 2015) (characterizing ethical wall as "reasonable action" that minimizes difficulties of prosecution bar where other attorneys can handle litigation).

field at issue in this case, Bumble asks to be able to have prosecution and litigation counsel collaborate on aspects of the litigation—even though Bumble's litigation counsel will have access to deeply sensitive competitive information.[3]  In such circumstances, the risks of inadvertent disclosure are high; Bumble attorneys with knowledge of deeply sensitive information (like the technical operation of the Tinder app over time) would be collaborating with attorneys charged with strategizing Bumble's patent-protection efforts.   Despite good intentions on the part of counsel, courts regularly find that the risk of inadvertent disclosure in analogous circumstances is unacceptable.  *See supra* n. 2; Ex. B.

The propriety of an ethical wall is even more obvious when balanced against the alleged prejudice to Bumble.  While courts looked to the "potential harm" imposed on a party by a prosecution bar, *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1380 (Fed. Cir. 2010), there is minimal harm (if any) to Bumble here.  Bumble can still use its chosen prosecution counsel, so long as they do not assist in the litigation.  Meanwhile, Bumble's litigation counsel is perfectly capable of searching for and evaluating prior art, including by reviewing file histories of Bumble's own patent applications.  There is also no concern that Bumble would be required to change counsel because, under Match's proposal, Bumble is merely barred from allowing its prosecution counsel—which has not appeared in this litigation—to assist in litigation.  *See id.* at 1381 (reasoning that court should consider potential difficulties in changing counsel).

Recognizing that it is otherwise virtually impossible to assure that only certain information is passed between members of a litigation team, an ethical wall is a standard practice

---

[3] Bumble inexplicably refused to identify the prosecution counsel with which it seeks to collaborate in this litigation.  Ex. C.  Such counsel could theoretically work in the same building or floor as members of Bumble's litigation team.  *See Hitachi, Ltd.* 419 F. Supp. 2d at 1165 (N.D. Cal. 2006) (risks of inadvertent disclosure greater where proximity is small).

when an order or ethical rule prohibits disclosure among attorneys.  Bumble's proposal shirks

this practice to allow prosecution counsel to participate in this litigation *so long as they only*

*receive certain information*.  But Bumble's proposal, allowing for significant collaboration

between attorneys permitted access to HIGHLY CONFIDENTIAL information and those for

whom access is barred, makes inadvertent disclosure highly likely—and impossible to detect.

Bumble has defended its proposal as similar to proposals already agreed to in the

protective order permitting litigation counsel to participate in post-grant proceedings, so long as

litigation counsel does not divulge confidential information or participate in any claim

amendment drafting process.  But allowing litigation counsel to participate in post-grant

processes, despite access to confidential information, is different in legally significant ways since

claims can only be narrowed in post-grant proceedings.  Therefore, courts typically find that the

harms from inadvertent disclosure in the IPR context is less than the risk from prosecution.[4]

Here, Match's proposal is tailored to the weight of authority on this issue.  For all of these

reasons, the Court should adopt Match's proposal.[5]

---

[4] *See, e.g., Ameranth, Inc. v. Pizza Hut, Inc.*, No. 3:11-CV-01810-JLS, 2012 WL 528248, at *6 (S.D. Cal. Feb. 17, 2012) (concluding that procedural limitations of post-grant review make prosecution bar "largely unnecessary" in that context); *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 184 (D. Del. 2010) (rejecting bar to reexaminations because claims can only be narrowed).

[5] Bumble has also contended that other protective orders have not includes such protections.  Ex. C.  Prior to exchanging arguments, Bumble identified two such orders, one from *Mirror Worlds v. Facebook, Inc.* and one from *St. Clair Intellectual Property Consultants, Inc v. Acer, Inc. See* Exs. D-E.  These provide little support for Bumble's position.  First, both appear to be *stipulated* protective orders, not ones in which the Court resolved a dispute.  *See* Ex. F-G (PACER showing docket entries as stipulated protective orders).  Second, both involve non-practicing entities, not direct competitors.  *E.g.*, Ex. H at 2-3; Ex. I at 2-3.  In such circumstances, the harm from any inadvertent disclosures is less compelling.  *Cf. Ring Plus, Inc. v. Cingular Wireless, LLC*, 2007 WL 9702621, at *4 (E.D. Tex. July 26, 2007) (concluding that non-competitive status is relevant to prosecution bar considerations).

**DEFENDANT'S POSITION:** Plaintiff's proposal for a prosecution bar including an "Ethical Wall" between litigation and prosecution counsel is unnecessary and overly broad. Such provisions are not automatically included in protective orders. The agreed terms of the Protective Order already provide that individuals "who obtain[], receive[], or otherwise learn[] in whole or in part of the other party's Highly Sensitive material" will be subject to the prosecution bar. Bumble's proposal goes even further, specifically prohibiting "Counsel subject to the prosecution bar" from "reveal[ing] or discuss[ing] the opposing Party's Highly Sensitive Material" with anyone involved in prosecution. Plaintiff's "Ethical Wall" proposal is not grounded in any legitimate concern that Bumble's prosecution counsel will inadvertently use Match's Highly Sensitive Material in prosecution because Bumble's prosecution counsel will not have Match's Highly Sensitive Material.[6] Rather, Plaintiff's overly broad "Ethical Wall" provision is an improper attempt to interfere with Bumble's right to choose its own counsel to work on issues unrelated to Match's Highly Sensitive Material.[7]

An "Ethical Wall" here prejudices Bumble from obtaining assistance from its prosecution

---

[6] None of the attorneys who have entered an appearance on behalf of Bumble in this action prosecutes patents.

[7] Bumble has not specifically identified its prosecution counsel to Plaintiff at this junction for a few reasons. First, Bumble's prosecution counsel's identity has not been publicly disclosed and is still confidential. Second, Bumble does not dispute including a prosecution bar in the protective order. Prosecution counsel's identity is relevant only to the court's analysis in determining whether the moving party has met its burden of showing good cause for a prosecution bar's inclusion. *See In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378-80 (Fed. Cir. 2010); *Ameranth, Inc. v. Pizza Hut, Inc.*, No. 11-cv-1810-JLS, 2012 WL 528248, at *5 (S.D. Cal. Feb. 17, 2012). Here, the only dispute pertains to Plaintiff's "Ethical Wall" requirement, for which Bumble's prosecution counsel's identity is irrelevant. Finally, Bumble could rely on any number of individuals who have not appeared in this case to help with its invalidity case, including searching for prior art, and those individuals will not have access to Match's Highly Sensitive Information under the protective order. Those individuals' identity, yet to be identified, is immaterial. If the Court requires knowledge of the identity of Bumble's prosecution counsel for its analysis, Bumble is willing to provide that information at that time.

counsel on discrete litigation matters, such as invalidity of the patents-in-suit and relevant prior art. These issues are public in nature and do not implicate any of Plaintiff's Highly Sensitive Material. Bumble's prosecution counsel would not have access to any Highly Sensitive Material by virtue of providing counsel on these issues. Moreover, Bumble's prosecution counsel would have an obligation to the U.S. Patent and Trademark Office to disclose any prior art of which Bumble is aware. Contravening this obligation, Plaintiff's "Ethical Wall" requirement would prohibit litigation counsel from sharing publically available prior art with prosecution counsel for disclosure to the USPTO.

Protective orders in other patent litigations have included prosecution bars without requiring ethical walls. Indeed, two cases provided by Plaintiff during the parties' meet and confer process, *Digital Empire Ltd. v. Compal Elecs. Inc.* and *Ameranth, Inc.*, both involve prosecution bar provisions similar to Bumble's proposed bar that does not include an ethical wall. No. 14-cv-1688-DMS, 2015 WL 10857544, at *2 (S.D. Cal. July 20, 2015); 2012 WL 528248, at *2. Other protective orders specifically contemplate prosecution counsel's involvement in the litigation, but shield such counsel from the opposing party's sensitive technical materials (as opposed to non-technical confidential information). *See, e.g.,* Ex. 1, *Mirror Worlds Techs. v. Facebook, Inc.*, No. 17-cv-3473-JGK, No. 98, Provisions 2.15, 5.2, 7.3, 8 (S.D.N.Y. Feb. 23, 2018) (distinguishing various document designations, including "Confidential," "Highly Confidential — Attorneys' Eyes Only," and "Highly Confidential — Patent Prosecution Bar" and limiting the prosecution bar to materials designated in this last category); Ex. 2, *St. Clair Intellectual Property Consultants, Inc. v. Acer, Inc.*, No. 09-cv-354-JJF-LPS, No. 186, Provisions 3, 7, 13 (D. Del. June 23, 2010) (limiting the prosecution bar to only materials designated "Highly Confidential — Subject to Prosecution Bar"). Reinforcing the overreach of Match's ethical wall provision in this case,

Cooley represented Facebook in the *Mirror Worlds* litigation where one of the main opposing litigation counsel chose not to receive highly confidential technical information so as not to be subject to the prosecution bar.

      The relationship between clients and outside counsel further evinces that protective orders sufficiently protect parties' sensitive information from inadvertent disclosure.  Clients work closely with outside counsel in litigation efforts on an ongoing basis, particularly at trial, and in that situation, outside counsel shields these clients from the opposing party's Highly Sensitive Materials.  Bumble's litigation counsel can and will do the same here with respect to prosecution counsel without the need for an "Ethical Wall."  Bumble should not be denied its prosecution counsel's assistance on discrete litigation matters, such as prior art analysis, unrelated to Match's Highly Sensitive Material.

DATED:  January 8, 2019

Respectfully submitted,

CALDWELL CASSADY & CURRY

By: */s/ Bradley W. Caldwell*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email:  bcaldwell@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
CALDWELL CASSADY CURRY P.C.
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

John P. Palmer
State Bar. 15430600
Email: palmer@namanhowell.com
Naman, Howell, Smith & Lee, PLLC
400 Austin Avenue, 8th Floor
P.O. Box 1470
Waco, TX 76701
Telephone: (254) 755-4100
Facsimile: (254) 754-6331

**ATTORNEYS FOR PLAINTIFF
MATCH GROUP, LLC**

By: */s/ Joseph M. Drayton (by permission)*
Joseph M. Drayton (*Pro Hac Vice*)
NY Bar No. 2875318
**COOLEY LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
jdrayton@cooley.com

Michael G. Rhodes (*Pro Hac Vice*)
CA Bar No. 116127
Matthew Caplan (*Pro Hac Vice*)
CA Bar No. 260388
**COOLEY LLP**
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone (415) 693-2000
Facsimile: (415) 693-2222
mrhodes@cooley.com
mcaplan@cooley.com

Rose S. Whelan (*Pro Hac Vice*)
DC Bar No. 999367
**COOLEY LLP**
1299 Pennsylvania Ave., N.W.
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
rwhelan@cooley.com

Deron R. Dacus
Texas Bar No. 00790553
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
ddacus@dacusfirm.com

**ATTORNEYS FOR DEFENDANT
BUMBLE TRADING, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record on January 8, 2019.

*Bradley W. Caldwell*
Bradley W. Caldwell
