FILED

JAN 17 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MATCH GROUP, LLC | § § § § | |
| Plaintiff, | § § | No. 6:18-cv-00080-ADA |
| v. | § § | |
| BUMBLE TRADING, INC. | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Match Group LLC ("Match") and Defendant Bumble Trading, Inc. ("Bumble"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing disclosure or discovery material ("Producing Party") it by affixing a legend or stamp on such document,

1

information, or material as follows: "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"), The designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and native documents) for which such protection is sought. For deposition and hearing transcripts, the designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as Protected Material. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." Material. When such electronic files or documents are printed (for use at a deposition, in a court proceeding, or for provision in printed form to an expert or consultant approved pursuant to Paragraph 5(e)), the Party printing the electronic files or documents shall place on the printed document the appropriate designation, as well as the production numbers associated with the electronic files or documents.

2. With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings, and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

3. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

4. "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court:

(a)  outside counsel of record in this Action for the Parties;

(b)  employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)  in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)  up to and including two (2) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the Party requesting disclosure or discovery material ("Requesting Party") may seek leave of Court to designate such additional representative(s) if the Requesting Party believes the other party has unreasonably withheld such consent;

(e)  outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served on the Producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before Protected Material is disclosed to the consultant so that the Producing Party can notify the Party that receives disclosure or discovery material from the Producing Party ("Receiving Party") in writing that it objects to such. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of providing the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)  employees of such outside consultants or experts assigned to and reasonably necessary to assist such outside consultants or experts with their work in this Action, provided that before access is given, the employees of the consultant or expert have completed the Undertaking attached as Exhibit A hereto and the same is served on the Producing Party;

(g)  independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

4

      (h)    the Court and its personnel

      (i)    any mediator who is assigned to hear this matter, and his or her staff, subject to the agreement to maintain confidentiality to the same degree as required by this Protective Order.

5.    A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

6.    Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and shall be subject to all of the terms and conditions of this Order.

7.    To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is a trade secret or so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material is computer source code and/or live data (that is, data as it exists

residing in a database or databases) ("Source Code Material"), the Producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE." A Producing party should not designate Protected Material RESTRICTED CONFIDENTIAL SOURCE CODE simply because a party's document (as opposed to a case filing or disclosure) refers to source code. However, if a party designates a document containing an except of source code (as opposed to a native source code file itself) as RESTRICTED CONFIDENTIAL SOURCE CODE, that document should be produced in a separate directory or folder on the source code computer from the source code files themselves, unless that file is stored with the source code files in the ordinary course of business.

8.  For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL- SOURCE CODE access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 4(a-b) and (e-i).

9.  For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

    (a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) ("Source Code Computer"). The Source Code Computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 9 (g) below. Additionally, except as provided in paragraph 9(k and l) below, the stand-alone computer(s) may be located at a United States office of the Producing Party's outside counsel, or a mutually agreeable location. If the stand-alone computer cannot be located at the offices of the Producing Party's outside counsel, the parties shall make reasonable effort to agree on a mutually agreeable location for the stand alone computer(s). If requested by the Receiving Party, the Producing party shall install tools reasonably necessary to review the source code on the Source Code Computers including, but not limited to: Notepad++, Visual Basic, Grep, Understand C, Visual Slick Edit, Source-Navigator, PowerGrep and/or ExamDiff Pro. If the Producing Party does not possess an appropriate license to any such software tools, the Requesting Party

        may provide the Producing Party with a licensed copy of such software tools, and the Producing Party shall install such software tools on the source code computers. One week prior to the beginning of trial and continuing through the end of trial, each Producing Party shall make its source code available for inspection at a location in Waco, Texas. The Producing Party shall make the source code available in its native format and with the same tools and file structure that the source code had when originally produced in this matter;

(b)     The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for the purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m., Monday through Friday. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. Prior to the first inspection of any Source Code Material, the Receiving Party shall provide 10 (10) business days' notice. After that, the Producing Party may not refuse access to the source code if the Receiving Party requests access during normal business hours and provides seventy-two (72) hours' notice beforehand. One week prior to the beginning of trial and continuing through the end of trial, the Receiving Party only need to provide three (3) hours' notice for the inspection of source code;

(c)     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The Producing Party will produce Source Code Material in computer-searchable format on the stand-alone computer(s) as described above;

(e)     Except to the extent, consistent this order, that source code or excerpts of source code is used in depositions, Court proceedings, or submitted to the Court or a mediator assigned to this matter, access to Protected Material designated RESTRICTED CONFIDENTIAL- SOURCE CODE shall be limited to outside counsel, and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 4(e) above. A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f) During its review, the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code Material onto any recordable media or recordable device. The Receiving Party is prohibited from bringing outside electronic devices, including but not limited to laptops, thumb drives, hard drives, tape drives, modems, modem cards, floppy drives, zip drives, cellular telephones, smartphones, personal digital assistants (PDAs), Blackberries, iPhones, cameras, voice recorders, Dictaphones, telephone jacks or any other hardware devices inside the room containing the Source Code Computer. Notwithstanding the above in this paragraph, the Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not takes such notes electronically on the Source Code Computer itself. The Receiving Party's outside counsel and/or experts shall be entitled to take notes electronically only on a non-networked laptop computer provided by the Producing Party in the Source Code Review Room. The laptop will be connected to a non-networked printer and with paper pre-marked with the appropriate confidentiality designation. The Receiving Party may not install monitoring software onto the laptop.

(g) Except as set out herein, no person shall copy, e-mail, transmit, upload, download, print, photograph, or otherwise duplicate any portion of the designated Source Code Material. The Receiving may print portions of the Source Code Material but shall not request paper copies for the purpose of reviewing Source Code Material in the first instance. In no event may the Receiving Party print more than 40 consecutive pages (printed on standard US 8 ½" x 11" paper with 1" margins, double-spaced Times New Roman font, heretofore "Standard Pages"). If the Receiving Party prints more than forty (40) pages of a continuous block of Source Code, the Producing Party is entitled to object to the production of the pages subsequent to the fortieth (40th) page. The Receiving Party shall bear the burden to show why it should requires production of the requested pages. If the Producing Party objects to Source Code printed by the Receiving Party, that objection must be made within five (5) business days of printing and the parties must confer within seven (7) days of printing. After meeting and conferring, the Receiving Party shall be entitled to seek relief from the Court within twelve (12) business days of printing. If the volume and category of materials sought to be printed indicates that the Receiving Party is not printing Source Code within reasonable limits, the Producing Party is entitled to object on that basis. If an agreement cannot be reached the Receiving Party may seek relief from the Court. Upon the Receiving Party's printing any portions of Source Code Material, such printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy and label "RESTRICTED CONFIDENTIAL SOURCE CODE" any pages printed by the Receiving Party, and send them to the Receiving Party within seven (7)

business days of printing unless objected to.

(h) A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document (collectively, "Court Documents"), provided that each Court Document is appropriately designated as RESTRICTED CONFIDENTIAL SOURCE CODE under this Order, restricted to those who are entitled to have access to it as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(i) To the extent portions of Source Code Material are quoted in a Source Code Document either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(j) If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition) . Source Code Material, in whatever form, including as an excerpt or in notes, shall not be transmitted (*e.g.*, by email) or taken outside the territorial United States or be made the subject of a "deemed" export within the meaning of US export laws, without the express prior written consent of the Producing Party.

(k) A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 9(e) above to another person authorized under paragraph 9(e) above, on paper via hand carry, Federal Express or other similarly reliable courier, except as provided in Paragraph 9(j). The Producing Party may also provide Source Code Material on a stand- alone computer at a Court proceeding upon a reasonable request by the Receiving Party, which request shall not be unreasonably denied by the Producing Party.

(l) Upon request by the Receiving Party, the Producing Party must make a source code computer available for use in a deposition, provided that the deponent may have access to the source code under this order;

If the Receiving Party identifies missing source code that is required to be produced then within fourteen (14) days of the Receiving Party's identification of the missing source code, the Producing Party must produce the identified missing

source code or explain why the Receiving Party has received all responsive source code. If the Receiving party is not satisfied with the response or supplemental production of source code, if any, it may schedule a call with the Court to raise the issue and seek a ruling on the issue raised by the Receiving Party. The Receiving Party is required to identify missing source code by name, if possible, and, if not, may instead identify missing source code by operation or functionality. If the Producing Party cannot comply with the fourteen-day deadline set forth in this Order, the Producing Party can request a reasonable extension under the circumstances from the Receiving Party, which the Receiving Party should not unreasonably deny.

10. Any attorney representing a Party and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit or the field of online personal connections on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

11. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

12. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

13. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director, or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 8 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

14. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in

accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

15. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

16. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

17. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the Requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to

sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

18. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

19. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

20. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such documents, information or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

21. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials that have been admitted into evidence in this Action), shall at the Producing Party's election either be returned to the Producing Party or be destroyed. However, notwithstanding this requirement, outside counsel for the Parties may retain DESIGNATED MATERIAL that has been incorporated into litigation documents, including court filings, discovery documents, and communications to the extent necessary to maintain its litigation files. The Receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request. The Receiving Party need not destroy any copies residing solely on backup systems not accessed in the ordinary course of business.

22. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

23. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending

disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

24. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

25. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

26. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

27. Nothing in this Order shall be deemed to prevent the Parties from submitting any DESIGNATED MATERIAL to the patent office in connection with a review proceeding (i.e., inter partes review, covered business method review, etc.), provided that such material is submitted under seal or under an order of the PTAB protecting the disclosure of the material to the public.

28. Attorneys and witnesses are prohibited from arguing or implying at trial that a witness for a Party should have or could have received or reviewed information protected by

this Order if this Order prohibits that witness from receiving or reviewing such information. The parties agree to include this provision in the Pretrial Order but also that this provision is only enforceable if included in the Pretrial Order.

**SIGNED** this 17th day of January 2019.

                                                       _____
                                                       ALAN D ALBRIGHT
                                                       UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MATCH GROUP, LLC | § § § § | |
| Plaintiff, | § § | No. 6:18-cv-00080-ADA |
| v. | § § | |
| BUMBLE TRADING, INC. | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § § | |

### APPENDIX A
### UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY,"

or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____