## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **MATCH GROUP, LLC,** | |
| **Plaintiff,** | Civil Action No. 6:18-cv-00080-ADA |
| **v.** | **JURY TRIAL** |
| **BUMBLE TRADING INC.,** | |
| **Bumble.** | |

### DEFENDANT BUMBLE TRADING INC.'S ANSWER
### TO PLAINTIFF MATCH GROUP, LLC'S FIRST AMENDED COMPLAINT

Defendant Bumble Trading Inc. ("Bumble") hereby files its answer ("Answer") to Plaintiff Match Group, LLC's ("Plaintiff" or "Match") First Amended Complaint ("FAC"), and asserts Counterclaims set forth below.  Each of the paragraphs below corresponds to the same numbered paragraph in the FAC.  Bumble denies all allegations in the FAC, whether express or implied, that are not specifically admitted below.  Bumble further denies that Plaintiff is entitled to the relief requested in the FAC, or to any other relief.

The "Introduction" to Match's FAC contains two pages of attorney argument rather than factual allegations requiring a response.  To the extent a response is required, Bumble denies any allegations set forth in the unnumbered "Introduction" of the FAC.  To the extent the descriptive headers in Match's FAC contain factual allegations requiring a response, Bumble denies any allegations set forth in the descriptive headers of the FAC.

## I.      THE PARTIES

1.      Bumble lacks sufficient knowledge or information to form a belief as to the truth

of the allegations set forth in Paragraph 1 of the FAC, and therefore denies them.

2.      Bumble admits that it is a Delaware corporation with a principal place of business at 1105 W 41st St. Austin, TX 78756.

3.      Bumble denies the allegations set forth in Paragraph 3 of the FAC.

4.      Bumble denies the allegations set forth in Paragraph 4 of the FAC.

**II.     JURISDICTION AND VENUE**

5.      Bumble denies that it has committed acts of patent infringement and/or induced or contributed to acts of patent infringement in the Western District of Texas, the State of Texas, or anywhere in the United States.  For the purposes of this action, Bumble admits that the Court has personal jurisdiction over Bumble Trading Inc.  Bumble admits that its headquarters is located in Austin, Texas, but otherwise denies the remaining allegations set forth in Paragraph 5 of the FAC.

6.      Bumble admits that this Court has original jurisdiction over patent infringement and federal trade secret claims, but otherwise denies the remaining allegations set forth in Paragraph 6 of the FAC.

7.      Bumble denies that it has committed acts of infringement in this District or any other judicial district.  For the purposes of this action, Bumble admits that venue is proper in the Western District of Texas.  Bumble denies any remaining allegations set forth in Paragraph 7 of the FAC.

8.      Bumble admits that the Waco Federal Courthouse is less than 100 miles as the crow flies from Bumble's Austin-based headquarters.  Bumble denies that the Waco Division of the Western District of Texas is convenient for Bumble.  Bumble lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of the FAC, and therefore denies them.

9.      Bumble lacks sufficient information to form a belief as to the truth of the allegations

set forth in Paragraph 9 of the FAC, and therefore denies them.

10.     Bumble denies the allegations set forth in Paragraph 10 of the FAC.

## III.     FACTUAL ALLEGATIONS

11.     Bumble admits that Jonathan Badeen, Chris Gulczynski, Joe Munoz, Sean Rad, and Whitney Wolfe-Herd were a part of the Tinder team that conceived, designed, developed, and conducted initial marketing efforts for the Tinder app.  Bumble lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of the FAC, and therefore denies them.

12.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the FAC, and therefore denies them.

13.     Bumble admits the allegations set forth in Paragraph 13 of the FAC.

14.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the FAC, and therefore denies them.

15.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the FAC, and therefore denies them.

16.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 16 of the FAC, and therefore denies them.

17.     Bumble admits that U.S. Patent No. 9,733,811 (the "'811" Patent") is entitled "Matching Process System and Method" and that a copy of this patent was attached to the FAC as Exhibit A.  Bumble denies the remaining allegations set forth in Paragraph 17 of the FAC.

18.     Bumble admits that U.S. Patent No. 9,959,023 ("the '023" Patent) on its face states an issue date of May 1, 2018 and is entitled "Matching Process System and Method."  Bumble denies the remaining allegations set forth in Paragraph 18 of the FAC.

19.     Bumble admits that U.S. Patent No. D798,314 ("the '314 Patent") on its face states

an issue date of September 26, 2017 and is entitled "Display Screen or Portion Thereof With a Graphical User Interface of a Mobile Device."  Bumble denies the remaining allegations set forth in Paragraph 19 of the FAC.

20.     Bumble admits that there is a federally registered trademark, Reg. No. 4,465,926, for "swipe."  Bumble denies that the registration for the "swipe" mark was attached to Match's FAC.  Bumble lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the FAC, and therefore denies them.

21.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 21 of the FAC, and therefore denies them.

22.     Bumble denies the allegations set forth in Paragraph 22 of the FAC.

23.     Bumble denies the allegations set forth in Paragraph 23 of the FAC.

24.     Bumble denies the allegations of Paragraph 24 of the FAC, except refers the Court to the text of the Telegraph article, which speaks for itself.

25.     Bumble denies the allegations of Paragraph 25 of the FAC, except refers the Court to the text of the English Oxford Dictionary, which speaks for itself.

26.     Bumble denies the allegations of Paragraph 26 of the FAC, except refers the Court to the text of the English Oxford Dictionary, which speaks for itself.

27.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 27 of the FAC, and therefore denies them.

28.     Bumble denies the allegations of Paragraph 28 of the FAC, except refers the Court to the text of the February 2014 article in TIME Magazine, which speaks for itself.

29.     Bumble denies the allegations of Paragraph 29 of the FAC, except refers the Court to the text of the February 2015 article in CIO.com article, which speaks for itself.

30.     Bumble denies the fame of the term "swipe right" in January 2015 and denies that Tinder holds, or has ever held, any trademark rights in the term "swipe right".  Bumble lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 30 of the FAC, and therefore denies them.

31.     The allegations in Paragraph 31 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Bumble denies the allegations set forth in Paragraph 31 of the FAC.

32.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 32 of the FAC, and therefore denies them.

33.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 33 of the FAC, and therefore denies them.

34.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 34 of the FAC, and therefore denies them.

35.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 35 of the FAC, and therefore denies them.

36.     Bumble denies the allegations set forth in Paragraph 36 of the FAC.

37.     The allegations in Paragraph 37 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Bumble denies the allegations set forth in Paragraph 37 of the FAC.

38.     The allegations in Paragraph 38 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Bumble denies the allegations set forth in Paragraph 38 of the FAC.

39.     Bumble lacks sufficient information to form a belief as to the truth of the allegations

set forth in Paragraph 39 of the FAC, and therefore denies them.

40.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 40 of the FAC, and therefore denies them.

41.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 41 of the FAC, and therefore denies them.

42.     Bumble admits that Whitney Wolfe-Herd co-founded and worked at Tinder and left after December of 2013.  Bumble admits that it launched in December 2014.  Bumble admits that Whitney Wolfe-Herd founded Bumble.  Bumble lacks sufficient information to form a belief as to the effective date of Chris Gulczynski's and Sarah Mick's severance agreements with Tinder, and therefore denies those allegations.  Bumble otherwise denies the remaining allegations set forth in Paragraph 42 of the FAC.

43.     Bumble admits that Bumble is a mobile dating app, which for those seeking opposite gender relationships, requires the woman user to send the first message.  Bumble otherwise denies the remaining allegations set forth in Paragraph 43 of the FAC.

44.     Bumble denies the allegations of Paragraph 44 of the FAC, except refers the Court to the text of the referenced TechCrunch article, which speaks for itself.

45.     Bumble denies the allegations of Paragraph 45 of the FAC, except refers the Court to the text of the referenced Texas Monthly article, which speaks for itself.

46.     Bumble denies the allegations of Paragraph 46 of the FAC, except refers the Court to the text of the referenced BGR and Los Angeles Business Journal articles, which speaks for themselves.

47.     Bumble admits that the two images on the right below Paragraph 47 appears to show the Bumble App, and refers the Court to the Bumble App, which speaks for itself.  Bumble

otherwise denies the remaining allegations set forth in Paragraph 47 of the FAC.

48.     Bumble admits that the image on the right below Paragraph 48 appears to show the Bumble App, and refers the Court to the Bumble App, which speaks for itself.  Bumble otherwise denies the remaining allegations set forth in Paragraph 48 of the FAC.

49.     Bumble refers the Court to the Bumble App, which speaks for itself.  Bumble otherwise denies the remaining allegations set forth in Paragraph 49 of the FAC.

50.     Bumble denies the allegations set forth in Paragraph 50 of the FAC.

51.     Bumble denies the allegations set forth in Paragraph 51 of the FAC.

52.     Bumble denies the allegations set forth in Paragraph 52 of the FAC, except refers the Court to the screen images reproduced in Match's FAC, which speaks for themselves.

53.     Bumble denies the allegations set forth in Paragraph 53 of the FAC, except refers the Court to the screen images reproduced in Match's FAC, which speaks for themselves.

54.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 54 of the FAC, and therefore denies them.

55.     Bumble denies the allegations set forth in Paragraph 55 of the FAC, except refers the Court to the screen images reproduced in Match's FAC, which speaks for themselves.

56.     Bumble denies the allegations set forth in Paragraph 56 of the FAC.

57.     Bumble denies the allegations set forth in Paragraph 57 of the FAC, except refers the Court to the text of the "About Us" section of its website, which speaks for itself.

58.     Bumble denies the allegations set forth in Paragraph 58 of the FAC, except refers the Court to the text in the third party app stores, which speaks for itself.

59.     Bumble denies the allegations set forth in Paragraph 59 of the FAC, except refers the Court to the text of the Bumble website, which speaks for itself.

60.     Bumble denies the allegations set forth in Paragraph 60 of the FAC, except refers the Court to "the Beehive" blog, which speaks for itself.

61.     Bumble denies the allegations set forth in Paragraph 61 of the FAC, except refers the Court to the text of the "Frequently Asked Questions" section of the Bumble App, which speaks for itself.

62.     Bumble denies the allegations set forth in Paragraph 62 of the FAC, except refers the Court to Bumble's "backtrack" screen, which speaks for itself.

63.     Bumble denies the allegations set forth in Paragraph 63 of the FAC, except refers the Court to the CNBC interview referenced in the FAC, which speaks for itself.

64.     Bumble denies the allegations set forth in Paragraph 64 of the FAC, except refers the Court to the Fox Business interview referenced in the FAC, which speaks for itself.

65.     Bumble denies the allegations set forth in Paragraph 65 of the FAC, except refers the Court to the CNN Money interview referenced in the FAC, which speaks for itself.

66.     Bumble denies the allegations set forth in Paragraph 66 of the FAC, except refers the Court to Bumble's advertising, which speaks for itself.

67.     Bumble denies the allegations set forth in Paragraph 67 of the FAC.

68.     Bumble admits that the image below paragraph 68 appears to show a prior version of the Bumble App.  Bumble otherwise denies the remaining allegations set forth in Paragraph 68 of the FAC.

69.     Bumble refers the Court to the previous version of the Bumble screen referenced in the FAC, which speaks for itself.  Bumble otherwise denies the allegations set forth in Paragraph 69 of the FAC.

70.     Bumble refers the Court to the Bumble App which speaks for itself.   Bumble

otherwise denies the allegations set forth in Paragraph 70 of the FAC.

71.    Bumble admits the allegations set forth in Paragraph 71 of the FAC.

## FIRST CAUSE OF ACTION: INFRINGEMENT OF THE '811 PATENT BY BUMBLE

72.    Bumble incorporates by reference its responses to the preceding paragraphs of the FAC as if fully set forth herein.

73.    Bumble denies the allegations set forth in Paragraph 73 of the FAC.

74.    Paragraph 74 of the FAC states a legal conclusion to which no response is required. To the extent a response is required, Bumble refers the Court to the text of claim 1 of the '811 patent, which speaks for itself.

75.    Paragraph 75 of the FAC states a legal conclusion to which no response is required. To the extent a response is required, Bumble refers the Court to the text of claim 4 of the '811 patent, which speaks for itself.

76.    Paragraph 76 of the FAC states a legal conclusion to which no response is required. To the extent a response is required, Bumble refers the Court to the text of claim 7 of the '811 patent, which speaks for itself.

77.    Bumble denies the allegations set forth in Paragraph 77 of the FAC.

78.    Bumble denies the allegations set forth in Paragraph 78 of the FAC, except refers the Court the Frequently Asked Questions section on Bumble's Website, which speaks for itself.

79.    Bumble denies the allegations set forth in Paragraph 79 of the FAC.

80.    Bumble denies the allegations set forth in Paragraph 80 of the FAC.

81.    Bumble denies the allegations set forth in Paragraph 81 of the FAC.

82.    Bumble denies the allegations set forth in Paragraph 82 of the FAC.

83.    Bumble denies the allegations set forth in Paragraph 83 of the FAC.

84.    Bumble denies the allegations set forth in Paragraph 84 of the FAC.

85.     Bumble denies the allegations set forth in Paragraph 85 of the FAC.

86.     Bumble denies the allegations set forth in Paragraph 86 of the FAC.

87.     Bumble denies the allegations set forth in Paragraph 87 of the FAC.

88.     Bumble denies the allegations set forth in Paragraph 88 of the FAC.

89.     Bumble denies the allegations set forth in Paragraph 89 of the FAC.

90.     Bumble denies the allegations set forth in Paragraph 90 of the FAC.

91.     Bumble denies the allegations set forth in Paragraph 91 of the FAC.

92.     Bumble denies the allegations set forth in Paragraph 92 of the FAC.

93.     Bumble denies the allegations set forth in Paragraph 93 of the FAC.

94.     Bumble denies that it was aware of the '811 Patent.  Bumble lacks sufficient information to form a belief as to the remaining allegations set forth in Paragraph 94 of the FAC, and therefore denies them.

95.     Bumble denies the allegations set forth in Paragraph 95 of the FAC, and refers the Court the Axios online publication, which speaks for itself.

96.     Bumble lacks sufficient information to form a belief as to the allegations regarding a June 22, 2015 Adweek article, and therefore denies them.  Bumble denies the remaining allegations set forth in Paragraph 96 of the FAC.

97.     Bumble admits that Whitney Wolfe-Herd was working at Tinder in October 2013. Bumble lacks sufficient information to form a belief as to the allegations regarding Chris Gulczynski and Sarah Mick, and therefore denies them. Bumble otherwise denies the remaining allegations set forth in Paragraph 97 of the FAC.

98.     Bumble denies the allegations set forth in Paragraph 98 of the FAC.

99.     Bumble denies the allegations set forth in Paragraph 99 of the FAC.

100.     Bumble denies the allegations set forth in Paragraph 100 of the FAC.

101.     Bumble denies the allegations set forth in Paragraph 101 of the FAC.

102.     Bumble denies the allegations set forth in Paragraph 102 of the FAC.

103.     Bumble denies the allegations set forth in Paragraph 103 of the FAC.

104.     Bumble denies the allegations set forth in Paragraph 104 of the FAC.

105.     Bumble denies the allegations set forth in Paragraph 105 of the FAC.

106.     Bumble denies the allegations set forth in Paragraph 106 of the FAC.

**SECOND CAUSE OF ACTION: INFRINGEMENT OF THE '023 PATENT BY BUMBLE**

107.     Bumble incorporates by reference its responses to the previous paragraphs of the FAC as if fully set forth herein.

108.     Bumble denies the allegations set forth in Paragraph 108 of the FAC.

109.     Paragraph 109 of the FAC states a legal conclusion to which no response is required.  To the extent a response is required, Bumble refers the Court to the text of claim 3 of the '023 patent, which speaks for itself.

110.     Bumble denies the allegations set forth in Paragraph 110 of the FAC.

111.     Bumble denies the allegations set forth in Paragraph 111 of the FAC.

112.     Bumble lacks information sufficient to form a belief about the truth of the allegations set forth in Paragraph 112 of the FAC and therefore denies them.

113.     Bumble denies the allegations set forth in Paragraph 113 of the FAC.

114.     Bumble denies the allegations set forth in Paragraph 114 of the FAC.

115.     Bumble denies the allegations set forth in Paragraph 115 of the FAC.

116.     Bumble denies the allegations set forth in Paragraph 116 of the FAC.

117.     Bumble denies the allegations set forth in Paragraph 117 of the FAC.

118.     Bumble denies the allegations set forth in Paragraph 118 of the FAC.

119.    Bumble denies the allegations set forth in Paragraph 119 of the FAC.

120.    Bumble denies the allegations set forth in Paragraph 120 of the FAC.

121.    Bumble denies the allegations set forth in Paragraph 121 of the FAC.

122.    Bumble denies the allegations set forth in Paragraph 122 of the FAC.

123.    Bumble denies the allegations set forth in Paragraph 123 of the FAC.

124.    Bumble denies the allegations set forth in Paragraph 124 of the FAC.

125.    Bumble denies the allegations set forth in Paragraph 125 of the FAC.

126.    Bumble denies the allegations set forth in Paragraph 126 of the FAC.

127.    Bumble denies the allegations set forth in Paragraph 127 of the FAC.

128.    Bumble denies the allegations set forth in Paragraph 128 of the FAC.

**THIRD CAUSE OF ACTION: DESIGN PATENT INFRINGEMENT**

129.    Bumble incorporates by reference its responses to the preceding paragraphs of the FAC as if fully set forth herein.

130.    Bumble denies the allegations set forth in Paragraph 130 of the FAC.

131.    Bumble denies the allegations set forth in Paragraph 131 of the FAC.

132.    Paragraph 132 of the FAC states a legal conclusion to which no response is required.  To the extent a response is required, Bumble refers the Court to the '314 patent, which speaks for itself.

133.    The allegations in Paragraph 133 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Bumble refers the Court to the text of the '314 patent, which speaks for itself.

134.    Bumble denies the allegations set forth in Paragraph 134 of the FAC.

135.    Bumble admits that the screen shots below paragraph 135 of the FAC appear to be images from a version of the Bumble App.  Bumble otherwise denies the remaining allegations set

forth in Paragraph 135 of the FAC.

136.     Bumble denies the allegations set forth in Paragraph 136 of the FAC.

137.     Bumble admits that Chris Gulczynski is listed on the face of the '314 patent as an inventor.  Bumble otherwise denies the remaining allegations set forth in Paragraph 137 of the FAC.

138.     Bumble denies the allegations set forth in Paragraph 138 of the FAC.

## FOURTH CAUSE OF ACTION: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)

139.     Bumble incorporates by reference its responses to the preceding paragraphs of the FAC as if fully set forth herein.

140.     Responding to Paragraph 140 of the FAC, Bumble refers the Court to records available from the U.S. Patent and Trademark Office online database regarding U.S. Registration No. 4,465,926, which speak for the themselves.  As set forth below, Bumble denies that registration of the mark SWIPE is proper and denies any remaining allegations of Paragraph 140.

141.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 141 of the FAC, and therefore denies them.

142.     Bumble denies the allegations set forth in Paragraph 142 of the FAC.

143.     Bumble denies the allegations set forth in Paragraph 143 of the FAC.

144.     Bumble denies the allegations set forth in Paragraph 144 of the FAC.

145.     Bumble denies the allegations set forth in Paragraph 145 of the FAC.

## FIFTH CAUSE OF ACTION: TRADEMARK INFRINGEMENT UNDER 15 U.S. C. § 1125(a)

146.     Bumble incorporates by reference the preceding paragraphs as if fully set forth herein.

147.     Bumble denies the allegations set forth in Paragraph 147 of the FAC.

148.    Bumble denies the allegations set forth in Paragraph 148 of the FAC.

149.    Bumble denies the allegations set forth in Paragraph 149 of the FAC.

150.    Bumble denies the allegations set forth in Paragraph 150 of the FAC.

151.    Bumble denies the allegations set forth in Paragraph 151 of the FAC.

## SIXTH CAUSE OF ACTION: INFRINGEMENT OF TRADE DRESS UNDER 15 U.S. C. § 1125(a)

152.    Bumble incorporates by reference its responses to the preceding paragraphs of the FAC as if fully set forth herein.

153.    Bumble denies the allegations set forth in Paragraph 153 of the FAC.

154.    The allegations in Paragraph 154 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Bumble refers the Court its state court petition, which speaks for itself.

155.    Bumble denies the allegations set forth in Paragraph 155 of the FAC.

156.    Bumble denies the allegations set forth in Paragraph 156 of the FAC.

157.    Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 157 of the FAC, and therefore denies them.

158.    Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 158 of the FAC, and therefore denies them.

159.    Bumble denies the allegations set forth in Paragraph 159 of the FAC.

160.    Bumble denies the allegations set forth in Paragraph 160 of the FAC.

161.    Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 161 of the FAC, and therefore denies them.

162.    Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 162 of the FAC, and therefore denies them.

163.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 163 of the FAC, and therefore denies them.

164.     Bumble denies the allegations set forth in Paragraph 164 of the FAC.

165.     Bumble denies the allegations set forth in Paragraph 165 of the FAC.

166.     Bumble denies the allegations set forth in Paragraph 166 of the FAC.

167.     Bumble denies the allegations set forth in Paragraph 167 of the FAC.

168.     Bumble denies the allegations set forth in Paragraph 168 of the FAC.

169.     Bumble denies the allegations set forth in Paragraph 169 of the FAC.

### **SEVENTH CAUSE OF ACTION: TRADEMARK DILUTION**

170.     Bumble incorporates by reference its responses to the preceding paragraphs of the FAC as if fully set forth herein.

171.     Bumble denies the allegations set forth in Paragraph 171 of the FAC.

172.     Bumble denies the allegations set forth in Paragraph 172 of the FAC.

173.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 173 of the FAC, and therefore denies them.

174.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 174 of the FAC, and therefore denies them.

175.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 175 of the FAC, and therefore denies them.

176.     Bumble denies the allegations set forth in Paragraph 176 of the FAC.

177.     Bumble denies the allegations set forth in Paragraph 177 of the FAC.

178.     Bumble denies the allegations set forth in Paragraph 178 of the FAC.

179.     Bumble denies the allegations set forth in Paragraph 179 of the FAC.

**EIGHTH CAUSE OF ACTION: TEXAS UNFAIR COMPETITION**

180.     Bumble incorporates by reference its responses to the preceding paragraphs of the FAC as if fully set forth herein.

181.     Bumble denies the allegations set forth in Paragraph 181 of the FAC.

182.     Bumble denies the allegations set forth in Paragraph 182 of the FAC.

183.     Bumble denies the allegations set forth in Paragraph 183 of the FAC.

184.     Bumble denies the allegations set forth in Paragraph 184 of the FAC.

185.     Bumble denies the allegations set forth in Paragraph 185 of the FAC.

186.     Bumble denies the allegations set forth in Paragraph 186 of the FAC.

**NINTH CAUSE OF ACTION: MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT AND THE TEXAS UNIFORM TRADE SECRETS ACT**

187.     Bumble incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

188.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 188 of the FAC, and therefore denies them.

189.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 189 of the FAC, and therefore denies them.

190.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 190 of the FAC, and therefore denies them.

191.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 191 of the FAC, and therefore denies them.

192.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 192 of the FAC, and therefore denies them.

193.     Bumble admits that its "Backtrack" feature was implemented in March of 2015 and

refers the Court to the Bumble website, which speaks for itself. Bumble otherwise denies the remaining allegations set forth in Paragraph 193 of the FAC.

194.    Bumble lacks sufficient information to form a belief as to the truth of the allegations relating to the timing of the announcement of and the functionality of Tinder's "rewind" feature, and therefore denies them. Bumble otherwise denies the remaining allegations set forth in Paragraph 194 of the FAC.

195.    Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 195 of the FAC, and therefore denies them.

196.    Bumble refers the Court to the Bumble App, which speaks for itself. Bumble otherwise denies the remaining allegations set forth in Paragraph 196 of the FAC.

197.    Bumble denies the allegations set forth in Paragraph 197 of the FAC.

198.    Bumble denies the allegations set forth in Paragraph 198 of the FAC.

199.    The allegations in Paragraph 199 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, Bumble denies the allegations set forth in Paragraph 199 of the FAC.

200.    Bumble denies the allegations set forth in Paragraph 200 of the FAC.

201.    Bumble denies the allegations set forth in Paragraph 201 of the FAC.

202.    Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 202 of the FAC, and therefore denies them.

203.    Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 203 of the FAC, and therefore denies them.

204.    Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 204 of the FAC, and therefore denies them.

205.    Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 205 of the FAC, and therefore denies them.

206.    Bumble denies the allegations set forth in Paragraph 206 of the FAC, except that Bumble refers the Court to its App, which speaks for itself.

207.    Bumble denies the allegations set forth in Paragraph 207 of the FAC.

208.    Bumble denies the allegations set forth in Paragraph 208 of the FAC.

209.    Bumble denies the allegations set forth in Paragraph 209 of the FAC.

210.    Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 210 of the FAC with respect to what Match believes to know or not know, and therefore denies them.  Bumble denies the implication of the allegations set forth in Paragraph 210 without qualification.

211.    Bumble denies the allegations set forth in Paragraph 211 of the FAC.

212.    Bumble denies the allegations set forth in Paragraph 212 of the FAC.

## RESPONSE TO PRAYER FOR RELIEF

213.    Bumble incorporates by reference all preceding paragraphs of this answer as if fully set forth herein.  Bumble denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs 1 through 8, including all subparagraphs, of the Prayer for Relief of the FAC.

## DEMAND FOR JURY TRIAL

214.    Plaintiff's demand for a trial by jury does not require a response by Bumble.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Bumble asserts the following defenses to the FAC and reserve their rights to assert additional defenses.

## FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

215.    Bumble does not infringe and has not infringed, literally or under the doctrine of equivalents, and either directly or indirectly, any valid claim of the '811, '023, and '314 patents.

## SECOND AFFIRMATIVE DEFENSE – PATENT INVALIDITY

216.    One or more claims of the '811, '023, and '314 patents are invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and or 171.

## THIRD AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

217.    Plaintiff is barred or limited from recovery, in whole or in part, by the doctrine of prosecution history estoppel.

## FOURTH DEFENSE – NO WILLFULNESS

218.    Plaintiff is barred from obtaining a finding of willfulness or receiving enhanced damages because it has failed to allege reprehensible culpability on the part of Bumble, which is prerequisite for a finding of willfulness and an award of enhanced damages.

## FIFTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

219.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES

220.    Plaintiff is barred or limited in recovery, in whole or in part, by failing to meet the requirements of 35 U.S.C. §§ 286, 287, and/or 288.

## SEVENTH AFFIRMATIVE DEFENSE – EQUITABLE DEFENSES

221.    Plaintiff's claims are barred, in whole or in part, by estoppel, acquiescence, waiver, unclean hands, and/or other equitable defenses.  Match has engaged in misleading conduct based upon which Bumble reasonably inferred that Match was making no claim to Bumble technology or otherwise asserting any intellectual property rights.  Further, to the extent Match believed that

it Bumble was infringing Match's intellectual property rights or misappropriating Match's trade secrets, Match has known of those claims and engaged in conduct inconsistent with those rights and/or inexcusably delayed asserting such rights to the prejudice of Bumble, with such prejudice including among other things the significant investment Bumble has made in building its brand and associated goodwill.  Lastly, Match's conduct has been misleading, unconscientious, unjust, and marked by a want of good faith.  Permitting Match to pursue its claims would cause significant harm to Bumble.

## EIGHTH AFFIRMATIVE DEFENSE – NO VALID TRADEMARK OR TRADEDRESS

222.    Match has no valid, protectable marks or trade dress in which it enjoys any rights that may be asserted against Bumble.

## NINTH AFFIRMATIVE DEFENSE – LACHES

223.    Plaintiff's trademark and trade dress claims are barred, in whole or in part, by the doctrine of laches because Plaintiff unreasonably delayed in asserting its purported rights in its alleged trademarks and trade dress despite, on information and belief, having knowledge of Bumble's activities since at least as early as December 2014, Plaintiff's delay is inexcusable and has caused Bumble undue prejudice.

## TENTH AFFIRMATIVE DEFENSE – FAIR USE

224.    Plaintiff's trademark infringement claims are barred because Bumble used, fairly and in good faith, the descriptive terms "SWIPE," "SWIPE RIGHT," and "SWIPE LEFT" to accurately identify a common touchscreen gesture used to operate the Bumble app.  As such, Bumble did not infringe Plaintiff's alleged trademark rights in the generic, or at least highly descriptive, terms "SWIPE," "SWIPE RIGHT," and "SWIPE LEFT."

## ELEVENTH AFFIRMATIVE DEFENSE – NON-DISTINCTIVE TRADE DRESS

225.   Plaintiff's trade dress claims are barred because Plaintiff's claimed trade dress consists of product design, which lacks inherent distinctiveness, and has not acquired secondary meaning.

## TWELVETH AFFIRMATIVE DEFENSE – FUNCTIONALITY

226.   Plaintiff's trade dress and design patent claims are barred because Plaintiff's alleged trade dress and design patent claims consist of functional elements.

## THIRTEENTH AFFIRMATIVE DEFENSE – GENERIC TERMS

227.   The claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that the marks and alleged trade dress at issue are generic.

## FOURTEENTH AFFIRMATIVE DEFENSE – THIRD-PARTY USE

228.   The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any trademarks or trade dress at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE – NO LIKLIHOOD OF CONFUSION

229.   Plaintiff's trademark and trade dress-based claims are barred because Bumble's use of any Plaintiff-owned trademarks or trade dress is not likely to cause confusion, deception or mistake among customers as to the source, association or affiliation of either party's goods and services

## SIXTEENTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS

230.   Plaintiff's trade secret misappropriation claim is barred by the statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE – NO INDEPENDENT ECONOMIC VALUE

231.   Plaintiff's misappropriation of trade secrets claim is barred because Plaintiff's purported trade secret does not derive independent economic value from not being known.

**EIGHTEENTH AFFIRMATIVE DEFENSE – READILY ASSERTAINABLE**

232.    Plaintiff's misappropriation of trade secrets claim is barred because Plaintiff's purported trade secret was readily ascertainable by proper means.

**NINTEENTH AFFIRMATIVE DEFENSE – INAPPLICABILITY OF DTSA**

233.    The Defense of Trade Secrets Act is inapplicable to allegations of trade secrets misappropriation based on activities occurring before its enactment on May 11, 2016.

**TWENTIETH AFFIRMATIVE DEFENSE – NO INJUNCTIVE RELIEF**

234.    Plaintiff's demand to enjoin Bumble is barred, at least because Plaintiff has suffered neither harm nor irreparable harm from Bumble's actions.

**OTHER AFFIRMATIVE DEFENSES**

235.    Bumble reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

**BUMBLE'S COUNTERCLAIMS**

Counter-Plaintiff Bumble Trading Inc. ("Bumble" or "Counterclaim-Plaintiff") asserts the following counterclaims against Match Group, LLC ("Match" or "Counterclaim-Defendant") for the cancellation of Counterclaim-Defendant's U.S. Trademark Registration No. 4,465,926 for the alleged trademark SWIPE and an order requiring Counterclaim-Defendant to expressly abandon its pending U.S. trademark applications for the alleged trademarks SWIPE, SWIPE RIGHT, SWIPE LEFT, SWIPE UP, SWIPE LIFE, and SWIPE SESSIONS  (the "Counterclaims").

**PARTIES**

1.      Bumble is corporation organized under the laws of Delaware having its principal place of business located at 1105 W. 41st St., Austin, Texas 78756.

2.      On information and belief Counterclaim-Defendant is a limited liability corporation organized under the laws of Delaware, with its principal place of business located at 8750 N. Central Expressway, Suite 1400, Dallas, Texas.

**JURISDICTION AND VENUE**

3.      This counterclaim arises under the Lanham Act, 15 U.S.C. § 1119.

4.      This Court has jurisdiction over the subject matter of this Counterclaim under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.

5.      On information and belief, this Court has personal jurisdiction over Counterclaim-Defendant because, among other reasons, Counterclaim-Defendant has its principal place of business in Texas.  Further, by filing their Complaint in this judicial district, Counterclaim-Defendant has submitted to this Court's personal jurisdiction over Counterclaim-Defendant.

6.      On information and belief, venue is proper in this judicial district pursuant because by filing its Complaint, Counterclaim-Defendant has consented that this Court is a proper venue for this litigation.

**FACTUAL BACKGROUND**

**Bumble & Swipe Functionality**

7.      Bumble is the developer of the world-renowned social networking and dating app BUMBLE.

8.      In 2014, Whitney Wolfe, a co-founder of Tinder, established Bumble out of a desire to redefine the mobile dating concept in a manner that was safe and empowering for women.

9.      Bumble users swipe left to indicate "no" and swipe right to indicate "yes" when viewing profiles of potential partners.  If there is a match, Bumble then notifies both users.  On Bumble, however, only the women users can begin a conversation with a potential partner. The match will automatically expire if the woman user has not started a conversation within 24 hours of the occurrence of the match.

10.     Bumble's ethos and innovation has been rewarded with enormous success. According to the *New York Times*, as of March 2017, Bumble had more than "800 million matches and 10 billion swipes per month."  Today, the platform enjoys a user base of over 46 million individuals.

### Counterclaim-Defendant Match Group, LLC

11.     Upon information and belief, Counterclaim-Defendant is among the largest online dating companies in the world, with a portfolio of online dating services and mobile apps that includes Tinder, OkCupid, and Match.com.

12.     Upon information and belief, Counterclaim-Defendant has primarily achieved its market position through an aggressive acquisition strategy.   Over the past nine years, Counterclaim-Defendant has completed more than 25 acquisitions, including acquisitions of the popular dating services PlentyOfFish and OKCupid.

13.     Along with Bumble and others such as Hot or Not, Hily, and Blendr, Tinder has helped to popularize the online social introduction format whereby users swipe among photos of other users to select those with whom the user wants to connect.

14.     As a part of its efforts to control the online dating market, Counterclaim-Defendant

ostensibly sought to purchase Bumble in 2017.

15.     After Bumble rebuffed Counterclaim-Defendant's overtures, Counterclaim-Defendant filed the Complaint against Bumble alleging, among other things, infringement of Counterclaim-Defendant's alleged trademark SWIPE and variations thereof.   Counterclaim-Defendant purports to use the terms "swipe," "swipe right," "swipe left," and other variations of "swipe" as trademarks in connection with the Tinder app.

### The Registration of the Purported "SWIPE" Trademark

16.     Upon information and belief, Counterclaim-Defendant launched the Tinder app in September 2012.  *See* Exhibit 1.  The initial version of the Tinder app required users to tap on digital buttons to indicate a like or dislike of another user.  Upon information and belief, Tinder first replaced use of buttons with swiping in the fall of 2012.  *See* Exhibit 2.

17.     Upon information and belief, on June 5, 2013, Counterclaim-Defendant's predecessor-in-interest Chirpme, Inc. ("Chirpme") filed Application Serial No. 85/950,991 for the purported trademark SWIPE in connection with "computer application software for mobile devices, namely, software for social introduction and dating services" in International Class 9 (the "SWIPE Application").

18.     As set forth in detail below, the term "swipe" is the generic term for a touchscreen gesture, whereby an individual moves his or her finger across the screen.  *See* Exhibits 3-4.

19.     Upon information and belief, at the time the SWIPE Application was filed, Chirpme was using "SWIPE" as the name of a mobile application that enabled users to locate and chat with other users nearby.  Upon information and belief, Chirpme's application, like Tinder and Bumble, functioned by showing users photographs of other nearby users, which could then be swiped to the left (indicating a lack of interest in the user photo) or the right (indicating an interest in the user

photo).  Accordingly, the "SWIPE" name referred to the touchscreen gesture, which was how users interacted with the app.

20.     Upon information and belief, on or about December 30, 2013, Chirpme entered into an agreement whereby it purported to assign its rights in "SWIPE," including the SWIPE Application, to Speeddate.com, LLC.

21.     Upon information and belief on January 14, 2014, the SWIPE Application matured to Registration No. 4,465,926 (the "Registration").

22.     Upon information and belief, on or about February 24, 2015, Speeddate.com LLC entered into an agreement whereby it purported to assign its rights in "SWIPE," including the Registration, to Tinder, Inc.

23.     Upon information and belief, on or about July 13, 2017, Tinder, Inc. completed a merger with Match Group, Inc., which subsequently purported to assign its rights in "SWIPE," including the Registration, to Counterclaim-Defendant.

**Match's Pending Applications for "SWIPE"-Formative Marks**

24.     Upon information and belief, on or about April 24, 2015, Counterclaim-Defendant filed Application Serial Nos. 86/608,899 and 86/608,903 for, respectively, the purported trademarks SWIPE RIGHT and SWIPE LEFT in connection with "downloadable software in the nature of a mobile application for internet-based dating and matchmaking; downloadable software in the nature of a mobile application in the field of social media, namely, for sending status updates to subscribers of web feeds, uploading and downloading electronic files to share with others" in International Class 9.

25.     Bumble is informed and believes, and on that basis alleges, that on August 12, 2015, Application Serial Nos. 86/608,899 and 86/608,903 were refused registration on the ground that

"[SWIPE RIGHT and SWIPE LEFT] merely describes a feature of [Match's] goods."  In addition, prior-filed Application Serial Nos. 86/363,987 and 86/363,993 for the mark JSWIPE, 86/439,621 for the mark CHRISTIAN SWIPE, and 86/366,708 for the mark SWIPEQ (collectively the "Cited Applications"), all of which covered dating app related offerings, were cited as potential bars to registration of the applications due to likelihood of confusion.  Application Serial Nos. 86/608,899 and 86/608,903 were suspended on February 15, 2016 pending the registration or abandonment of the Cited Applications.

26.     Upon information and belief, on or about July 1, 2015, Counterclaim-Defendant filed Application Serial Nos. 86/680,914, 86/680,923, and 86/680,927, for, respectively, the purported trademarks SWIPE, SWIPE LEFT, and SWIPE RIGHT in connection with "dating services; internet-based social networking, introduction and dating services" in International Class 45.

27.     Bumble is informed and believes, and on that basis alleges, that on August 12, 2015, Application Serial Nos. 86/680,914, 86/680,923, and 86/680,927 were suspended pending the registration or abandonment of the Cited Applications.

28.     Upon information and belief, on or about July 1, 2015, Counterclaim-Defendant filed Application Serial No. 86/680,938 for the purported trademark SWIPE RIGHT in connection with "clothing, namely, tops, bottoms, head wear and footwear" in International Class 25.  This application received a Notice of Allowance on August 2, 2016 and remains pending.

29.     Upon information and belief, on or about September 9, 2015, Counterclaim-Defendant filed Application Serial No. 86/751,974 for the purported trademark SWIPE UP in connection with "downloadable software in the nature of a mobile application for internet-based dating and matchmaking; downloadable software in the nature of a mobile application in the field

of social media, namely, for sending status updates to subscribers of web feeds, uploading and downloading electronic files to share with others" in International Class 9.

30.     Bumble is informed and believes, and on that basis alleges, that on October 15, 2015, Application Serial No. 86/751,974 was refused registration on the ground that "[SWIPE UP] merely describes a feature of [Match's] goods and/or services."   Counterclaim-Defendant responded to this refusal on April 15, 2016, alleging that the purported mark SWIPE UP is inherently distinctive.  However, on May 4, 2016, the PTO maintained its refusal to register the purported mark SWIPE UP on the ground that the term is merely descriptive.  In addition, the PTO again cited Application Serial Nos. 86/363,987, 86/366,708, and 86/363,993 as potential bars to registration of the purported SWIPE UP mark.

31.     Upon information and belief, on or about January 3, 2018, Counterclaim-Defendant filed Application Serial No. 87/742,144 for the purported trademark SWIPE RIGHT, which remains pending in connection with "entertainment services; production and distribution and exhibition of digital video and audio content; entertainment services in the nature of a continuing series of television programs provided through broadcast, cable, the Internet, streaming video-on-demand, and other forms of transmission media" in International Class 41.

32.     Upon information and belief, on or about September 27, 23018, Counterclaim-Defendant filed Application Serial No. 88/134,879 for the purported trademark SWIPE LIFE in connection with "providing customized on-line web pages and data feeds featuring information on dating, matchmaking, relationships, entertainment, social issues, beauty, current events, events and popular culture which includes blog posts, new media content, other on-line content, and on-line web links to other websites" in International Class 42.

33.     Upon information and belief, on or about October 18, 23018, Counterclaim-Defendant filed Application Serial Nos. 88/160,784 and 88/160,907 for the purported trademarks SWIPE SESSIONS and SWIPE SESSIONS & Design in connection with "entertainment services; educational and entertainment services, namely, programs accessible by means of Internet streaming, video on demand, web-based applications, mobile phone applications, computer networks, and other forms of transmission media; entertainment, namely, live music concerts, arranging and conducting of concerts." in International Class 41 and "Dating services; Internet-based dating, social introduction, and social networking services; providing a web site featuring information in the fields of personal relationships, dating, and fashion" in International Class 45.

### The Common Use of "SWIPE" by Third Parties

34.     Upon information and belief, the term "swipe," and variations thereof, as used by Counterclaim-Defendant and its predecessors-in-interest has never functioned as a trademark or source identifier.

35.     For example, touchscreen designers and manufacturers have long used the term "swipe" to refer to the common touchscreen gesture.  In fact, a press release dated August 21, 2006 from Synaptics Incorporated, a publicly traded touchscreen supplier for Apple Inc. among others, referenced "swiping" while identifying gestures for its new touchscreen technology. Exhibit 5. Similarly, in Steve Jobs' keynote speech at MacWorld 2007, during which the first iPhone was announced, Jobs repeatedly used the term "swipe" to refer to the touchscreen gesture while demonstrating how to switch between digital photos in the iPhone photo app.

36.     Since the introduction of the iPhone to the public, swiping has been as ubiquitous as touchscreens.  In the manual accompanying one of Samsung's first touchscreen phones in 2008, the term "swipe" was used to identify how users scroll through the phone's widget bar.  Exhibit 6.

By at least as early as 2011, "swiping" was regularly identified alongside other common touchscreen gestures in smartphone manuals, for example those published by Samsung (Exhibit 7) and HTC (Exhibit 8).

37.     Swiping has been especially common in connection with mobile gaming software. For example, since 2010 the popular game Fruit Ninja has used the term "swipe" to indicate how users play the game. *See* Exhibit 9.  Prominent game designer and author Scott Rogers even wrote a book published in June 2012 with the title "*swipe this!*" in reference to the touchscreen gesture. *See* Exhibit 10.

38.     Upon information and belief, "swipe" remains in widespread use to refer to the common touchscreen gesture across computer hardware and software industries. For example, Apple's iPhone software developer guidelines identify "swipe" as a "standard gesture" that "work[s] the same across the [iOS] system and in every app."  Exhibit 11.



39.     Likewise, the iPhone User Guide lists "swipe" as among the "few simple gestures" used "to control iPhone and its apps." Exhibit 12.



40.    Similarly, the User Manual for the recently released Samsung Galaxy S9 lists "swipe" as a common touchscreen navigation gesture alongside "tap," "double-tap," "drag," and others.  Exhibit 13.

## Navigation

Please note that a touchscreen responds best to a light touch from the pad of your finger or a capacitive stylus. Using excessive force or a metallic object on the touchscreen may damage the tempered glass surface and void the warranty.

### Tap

Lightly tap items to select or launch them.

- Tap the keyboard to enter characters or text.
- Tap an item to select it.
- Tap an app shortcut to launch the app.

### Double-Tap

Lightly tap items twice to select or launch them.

- Double-tap an image to zoom in or out.

### Touch and Hold

Touch and hold items to activate them.

- Touch and hold a field to display a pop-up menu of options.

### Swipe

Lightly drag your finger vertically or horizontally across the screen.

- Swipe the screen to unlock the device.
- Swipe the screen to scroll through the Home screens or menu options.

### Drag

Touch and hold an item, and then move it to a new location.

- Drag an app shortcut to add it to a Home screen.
- Drag a widget to place it in a new location on a Home screen.

Learn About Your Device                    17

41.     Upon information and belief, the combined share of Apple and Samsung in the U.S. smartphone market was approximately 78% at the time the Samsung Galaxy S9 was released in March 2018.

42.     Upon information and belief, swiping on touchscreens has even been the subject of research papers.  *See e.g.*, Exhibit 14.

43.     Notwithstanding the common understanding of "swipe" in the mobile app and smartphone industries, Counterclaim-Defendant maintains that the Registration is valid and that Counterclaim-Defendant owns exclusive rights to the terms "SWIPE," "SWIPE RIGHT," "SWIPE LEFT," and variations thereof, in connection with mobile dating software and related services.

## **FIRST CAUSE OF ACTION**

### **(Cancellation of Registration No. 4,465,926)**

44.     Bumble incorporates by reference Paragraphs 1 through 43, inclusive as if fully set forth herein.

45.     Upon information and belief, Counterclaim-Defendant and its predecessors-in-interest have used the purported SWIPE mark in connection with mobile dating apps that are expressly designed around the touchscreen gesture of moving one's finger across the screen.

46.     Upon information and belief, Counterclaim-Defendant and its predecessors-in-interest use the term "swipe" and variations thereof to identify the touchscreen gesture.

47.     Upon information and belief the following image was used in app stores to promote and explain the "SWIPE" app, which was the original subject of the SWIPE Application:



Upon information and belief this exact image also appears in the specimen associated with the Registration; but the text "you can also swipe to 'Like' or 'Pass'" is obscured in the specimen by a menu.

48.     Similarly, the following is a screenshot of the iTunes page for the Tinder app as it appeared in September 2014, in which Tinder explains "Swipe right to like or left to pass":



49.    Upon information and belief, more recently Counterclaim-Defendant has taken to capitalizing the terms "Swipe," "Swipe Right," and "Swipe Left" in its marketing collateral in a futile effort to obscure the non-distinctive nature of the term "swipe."   For example, the following image is a screenshot of the iTunes page for the Tinder app as of May 2018:



50.    Capitalizing the terms "Swipe," "Swipe Right," and "Swipe Left" does not change their meaning, however.   Counterclaim-Defendant's uses of "swipe" and its variations still refer to the touchscreen gesture even when capitalized.

51.    Upon information and belief, following Bumble's initiation of Cancellation No. 91245055 before the U.S. Patent & Trademark Office Trademark Trial and Appeal Board on August 28, 2018, seeking cancellation of the Registration, Counterclaim-Defendant has begun using a "TM" symbol in conjunction with the terms "Swipe Right" and "Swipe Left."   The following image is a screenshot of the iTunes page for the Tinder app as of January 2019:



With 30 billion matches to date, Tinder® is the world's most popular app for meeting new people. Think of us as your most dependable wingmate—wherever you go, we'll be there. If you're here to meet new people, expand your social network, meet locals when you're traveling, or just live in the now, you've come to the right place. We're called "the world's hottest app" for a reason: we spark more than 26 million matches per day. How many dating apps do that?

Match. Chat. Date. Tinder is easy and fun—use the Swipe Right™ feature to Like someone, use the Swipe Left™ feature to pass. If someone likes you back, it's a Match! We invented the double opt-in so that two people will only match when there's a mutual interest. No stress. No rejection. Just tap through the profiles you're interested in, chat online with your matches, then step away from your phone, meet up in the real world and spark something new.

Now, let's get started. And remember, when in doubt, Swipe Right. Trust us, the more options you have, the better-looking life becomes.

Welcome to Tinder—the largest, hottest community of singles in the world. Don't be shy, come on over.

52.     Adding a trademark symbol to the terms "Swipe Right" and "Swipe Left" does not transform them into trademarks.  Counterclaim-Defendant's uses of "swipe" and its variations still refer to the touchscreen gesture even when adorned with a trademark symbol.

53.     Upon information and belief, since well prior to the filing of the SWIPE Application and Counterclaim-Defendant's first use of the term "swipe," countless third party software and hardware developers have used the term "swipe" other than as a trademark to identify the common touchscreen gesture.  *See e.g.*, Exhibits 5-13.

54.     Upon information and belief, the relevant purchasing public understands the word "swipe" to be the common term or class name for the touchscreen gesture of moving one's finger across the screen.  *See* Exhibits 3-14.

55.     Accordingly, the term "swipe" as used by Counterclaim-Defendant is generic, cannot function as a source identifier, and therefore cannot be entitled to registration.

56.     Alternatively, even if Counterclaim-Defendant's purported SWIPE mark is not generic, it is merely descriptive and has not become distinctive of Counterclaim-Defendant's goods in commerce.

57.     The U.S. Patent & Trademark Office allowed Counterclaim-Defendant to register the SWIPE mark less than five years ago.  The Registration is thus susceptible to cancellation because the term "swipe" is merely descriptive of the goods identified in the Registration and lacks secondary meaning.

58.     Upon information and belief, the relevant consuming public understands that the term "swipe" in the context of mobile applications, including mobile applications for social introduction and dating services, refers to the touchscreen gesture, as opposed to an indication of source.  Accordingly, Counterclaim-Defendant has not acquired secondary meaning in the purported SWIPE mark for the goods in the Registration.

59.     The Registration confers upon Counterclaim-Defendant a presumption of Counterclaim-Defendant's exclusive right to use the purported SWIPE mark, all to the detriment of Bumble and others in the mobile app industry generally, and in the online dating industry in particular.

60.     Counterclaim-Defendant has asserted the Registration against Bumble in the Complaint, claiming trademark infringement among other allegations.

61.     Accordingly, Bumble has been harmed and believes it will continue to be harmed by the continued registration of the purported SWIPE mark in connection with the goods identified in the Registration.

62.     Upon information and belief, the Registration will also interfere with the right of others in the mobile app and online dating industries to accurately identify the common touchscreen gesture.

63.     The Registration is therefore in violation of 15 U.S.C. §§ 1052 and 1064 because the term "swipe" is the generic word for the touchscreen gesture at the heart of the user interface for Counterclaim-Defendant's software, or is at least merely descriptive of a characteristic of Counterclaim-Defendant's software and lacks secondary meaning.  Accordingly, the Registration should be cancelled.

## SECOND CAUSE OF ACTION

### (Denial of Registration for Application Serial Nos. 86/608,899, 86/608,903, 86/680,914, 86/680,923, 86/680,927, and 86/751,974)

64.     Bumble incorporates by reference Paragraphs 1 through 63, inclusive as if fully set forth herein.

65.     Upon information and belief, all of these goods and services covered by Application Serial Nos. 86/608,899, 86/608,903, 86/680,914, 86/680,923, 86/680,927, and 86/751,974 concern mobile dating apps that are expressly designed around the touchscreen gesture of moving one's finger across the screen.

66.     When used on or in connection with the applicable goods and services set forth in these applications, the purported trademarks SWIPE, SWIPE LEFT, SWIPE RIGHT, and SWIPE UP are reasonably understood by consumers to refer to the common touchscreen gesture that is used to operate Counterclaim-Defendant's dating software and services.

67.     Upon information and belief, the purported trademarks SWIPE, SWIPE LEFT, SWIPE RIGHT, and SWIPE UP are not inherently distinctive, and have not become distinctive of

Counterclaim-Defendant's goods and services.   Counterclaim-Defendant has not acquired secondary meaning in the purported marks for its goods and services.

68.     Issuance of registrations in connection with Application Serial Nos. 86/608,899, 86/608,903, 86/680,914, 86/680,923, 86/680,927, and 86/751,974 will interfere with the rights of Bumble and others affiliated with the mobile application industry, in particular those in the field of online dating, to communicate to consumers how to use a touchscreen to operate mobile applications and corresponding services.

69.     Issuance of registrations in connection with Application Serial Nos. 86/608,899, 86/608,903, 86/680,914, 86/680,923, 86/680,927, and 86/751,974 would therefore violate 15 U.S.C. § 1052 because the marks are generic, or at least merely descriptive, of the goods and services covered by the applications.

## THIRD CAUSE OF ACTION

### (Denial of Registration for Application Serial No. 86/680,938)

70.     Bumble incorporates by reference Paragraphs 1 through 69, inclusive as if fully set forth herein.

71.     Upon information and belief, Counterclaim-Defendant intends to use the purported trademark SWIPE RIGHT in connection with the clothing items covered by Application Serial No. 86/680,938.

72.     Upon information and belief, Counterclaim-Defendant's use of the purported trademark SWIPE RIGHT on clothing items would be merely decorative.

73.     For the reasons set forth above, Counterclaim-Defendant has not acquired secondary meaning in the purported trademark SWIPE RIGHT.   Accordingly, SWIPE RIGHT

does not function as a secondary source indicator for Counterclaim-Defendant in connection with clothing items.

74.     Issuance of registrations in connection with Application Serial No. 86/680,938 will interfere with the rights of Bumble and others affiliated with the mobile application industry to market their mobile applications and corresponding services using the common industry term "swipe," and variations thereof..

75.     Because SWIPE RIGHT would be merely ornamental when used by Counterclaim-Defendant in connection with clothing items, Application Serial No. 86/680,938 should be refused registration under 15 U.S.C. § 1052.

## FOURTH CAUSE OF ACTION

### (Denial of Registration for Application Serial No. 87/742,144)

76.     Bumble incorporates by reference Paragraphs 1 through 75, inclusive as if fully set forth herein.

77.     Upon information and belief, Application Serial No. 87/742,144 covers entertainment services related to mobile dating apps that are expressly designed around the touchscreen gesture of moving one's finger across the screen.

78.     Upon information and belief, the purported trademark SWIPE RIGHT is not inherently distinctive, and has not become distinctive of Counterclaim-Defendant's current or planned entertainment services.  Counterclaim-Defendant has not acquired secondary meaning in the purported mark for such services.

79.     Application Serial No. 87/742,144 will interfere with the rights of Bumble and others affiliated with the mobile application industry, in particular those in the field of online

dating, to communicate to consumers how to use a touchscreen to operate mobile applications and corresponding services.

80.     Issuance of registrations in connection with Application Serial No. 87/742,144 would therefore violate 15 U.S.C. §§ 1052 and 1053 because SWIPE RIGHT is merely descriptive of the subject matter of the entertainment services covered by the application.

### FIFTH CAUSE OF ACTION

### (Denial of Registration for Application Serial No. 88/134,879)

81.     Bumble incorporates by reference Paragraphs 1 through 80, inclusive as if fully set forth herein.

82.     Upon information and belief, Application Serial No. 88/134,879 covers web services related to mobile dating apps that are expressly designed around the touchscreen gesture of moving one's finger across the screen.  Specifically, the application is intended to cover the blogging services and online content provided through Counterclaim-Defendant's "SWIPE LIFE" section of the www.tinder.com website.

83.     Bumble is informed and believes, and on that basis alleges, that the term "SWIPE" in "SWIPE LIFE" refers to the common touchscreen gesture of moving one's finger across the screen.

84.     Upon information and belief, the term "LIFE" in "SWIPE LIFE" refers to the lives and life experiences of those who use Counterclaim-Defendant's mobile dating application.

85.      Counterclaim-Defendant's combination of the generic, or at least merely descriptive, term "SWIPE" with the descriptive term "LIFE" merely describes the subject matter of Counterclaim-Defendant's online blogging and content services.

86.     Upon information and belief, the purported SWIPE LIFE mark is merely descriptive and has not become distinctive of Counterclaim-Defendant's online blogging and content services.   Upon information and belief, Counterclaim-Defendant has not acquired secondary meaning in the purported mark for such services.

87.     Application Serial No. 88/134,879 will interfere with the rights of Bumble and others affiliated with the mobile application industry, in particular those in the field of online dating, to communicate to consumers how to use a touchscreen to operate mobile applications and corresponding services.

88.     Issuance of registrations in connection with Application Serial No. 88/134,879 would therefore violate 15 U.S.C. §§ 1052 and 1053 because SWIPE LIFE is merely descriptive of the services covered by the application.

### SIXTH CAUSE OF ACTION

### (Denial of Registration for Application Serial Nos. 88/160,784 and 88/160,907)

89.     Bumble incorporates by reference Paragraphs 1 through 88, inclusive as if fully set forth herein.

90.     Upon information and belief, Application Serial Nos. 88/160,784 and 88/160,907 cover online dating services, entertainment services, and online content services concerning mobile dating apps that are expressly designed around the touchscreen gesture of moving one's finger across the screen.   Among other things, the applications are intended to cover the online video content provided through Counterclaim-Defendant's "SWIPE SESSIONS" section of the www.tinder.com website.   These videos feature discussions and interviews about the Tinder app.

91.     Bumble is informed and believes, and on that basis alleges, that the term "SWIPE" in "SWIPE SESSIONS" refers to the common touchscreen gesture of moving one's finger across the screen.

92.     Upon information and belief, the term "SESSIONS" in "SWIPE SESSIONS" refers to a period of discussion about the Tinder app, such as the discussions featured in each "SWIPE SESSION" video currently available on www.tinder.com.

93.      Counterclaim-Defendant's combination of the generic, or at least merely descriptive, term "SWIPE" with the descriptive term "SESSIONS" merely describes Counterclaim-Defendant's online dating services and the subject matter of Counterclaim-Defendant's entertainment services and online content services.

94.     Upon information and belief, the purported SWIPE SESSIONS mark is merely descriptive and has not become distinctive of Counterclaim-Defendant's online dating services, entertainment services, and online content services.  Upon information and belief, Counterclaim-Defendant has not acquired secondary meaning in the purported mark for such services.

95.     Application Serial Nos. 88/160,784 and 88/160,907 will interfere with the rights of Bumble and others affiliated with the mobile application industry, in particular those in the field of online dating, to communicate to consumers how to use a touchscreen to operate mobile applications and corresponding services.

96.     Issuance of registrations in connection with Application Serial Nos. 88/160,784 and 88/160,907 would therefore violate 15 U.S.C. §§ 1052 and 1053 because SWIPE SESSIONS is merely descriptive of the services covered by the applications.

## BUMBLE'S PRAYER FOR RELIEF

WHEREFORE, Bumble prays this Court enter judgment:

A.      In favor of Bumble and against Plaintiff, thereby dismissing Plaintiff's Complaint in its entirety, with prejudice, with Plaintiff taking nothing by way of its claims;

B.      That Bumble has not infringed, contributorily infringed, or induced the infringement of any valid claim of the '811, '023, and '314 patents;

C.      That all asserted claims of the '811, '023, and '314 patents are invalid and/or unenforceable;

D.      That Bumble has not infringed any trademark or trade dress rights alleged by Plaintiff;

E.      That U.S. Trademark Registration No. 4,465,926 is invalid and unenforceable;

F.      That the trade dress rights claimed by Plaintiff are unenforceable due to a lack of both inherent distinctiveness and acquired distinctiveness, and/or because the elements of the claimed trade dress are merely functional;

G.      That Bumble has not misappropriated any trade secrets from Plaintiff;

H.      That the Court decree and order cancellation of Counterclaim-Defendant's U.S. Registration No. 4,465,926 for the alleged mark SWIPE, and certify said decree and order to the Director of the USPTO under 15 U.S.C. § 1119;

I.       That the Court  issue an injunction prohibiting Counterclaim-Defendant from obtaining trademark registrations in connection with Application Serial Nos. 86/608,899, 86/608,903, 86/680,914, 86/680,923, 86/680,927, 86/680,938, 87/742,144, 88/134,879, 88/160,784 and 88/160,907, and order Counterclaim-Defendant to expressly abandon the applications, in whole or in part, under 15 U.S.C. §§ 1052 and 1053.

J.       That the Court issue an injunction prohibiting Counterclaim-Defendant from seeking to register any trademarks in the United States featuring the term "SWIPE," or any

variation thereof, in connection with online dating apps or any goods or services related to online dating apps.

   K.  That this is a case that stands out from others and thus an exceptional case under 35 U.S.C. § 285, and ordering Plaintiff to pay Bumble reasonable attorneys' fees incurred in this action;

   L.  That the Court award Bumble attorneys' fees and costs under the Lanham Act as an exceptional case;

   M.  That the Court award Bumble its costs and expenses incurred in this action and its attorneys' fees as permitted by law; and

   N.  That the Court award Bumble such other and further relief that it deems appropriate.

   O.  Awarding Bumble all other relief the Court deems just and proper.

## **JURY DEMAND**

   Bumble respectfully requests a trial by jury on all issues so triable.

Dated: January 25, 2019                    Respectfully submitted,


By:*/s/ Joseph M. Drayton* _____

     Deron R. Dacus (TX 00790553)
     **THE DACUS FIRM, PC**
     821 ESE Loop 323, Suite 430
     Tyler, TX 75701
     Telephone: (903) 705-1117
     Facsimile: (903) 581-2543
     ddacus@dacusfirm.com

     Joseph M. Drayton (*pro hac vice*)
     NY Bar No. 2875318
     **COOLEY LLP**
     1114 Avenue of the Americas
     New York, NY 10036
     Telephone:  (212) 479-6000
     Facsimile:  (212) 479-6275
     jdrayton@cooley.com

     Michael G. Rhodes (*pro hac vice*)
     CA Bar No. 116127
     Matthew Caplan (*pro hac vice*)
     CA Bar No. 260388
     **COOLEY LLP**
     101 California Street, 5th Floor
     San Francisco, CA 94111-5800
     Telephone (415) 693-2000
     Facsimile (415) 693-2222
     mrhodes@cooley.com
     mcaplan@cooley.com

     Rose S. Whelan (*Pro Hac Vice*)
     DC Bar No. 999367
     **COOLEY LLP**
     1299 Pennsylvania Ave., N.W.
     Suite 700
     Washington, DC 20004
     Telephone: (202) 842-7800
     Facsimile: (202) 842-7899
     rwhelan@cooley.com

     *Attorneys for Defendant Bumble Trading, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically with the

Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel

of record on January 25, 2019.

*/s/ Joseph M. Drayton*
Joseph M. Drayton
