IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MATCH GROUP, LLC, *Plaintiff*, | § § § § | |
| v. | § § | CIVIL NO. 6:18-CV-00080-ADA |
| BUMBLE TRADING INC., *Defendant*. | § § § § § | |

## ORDER GRANTING PLAINTIFF MATCH GROUP, LLC'S PARTIALLY OPPOSED MOTION FOR LEAVE TO FILE ITS THIRD AMENDED COMPLAINT

Before the Court is Plaintiff Match Group, LLC's Partially Opposed Motion for Leave to File its Third Amended Complaint. Docket Number 61. Defendant Bumble Trading Inc. filed its Response on March 21, 2019. Docket Number 62. The Court has carefully considered Plaintiff's Motion and is of the opinion that it should be granted for the following reasons.

This Motion comes to the Court as the Parties attempt to gain strategic advantage in advance of engaging in the more substantive issues of infringement and validity and claim construction. In this regard, Defendant is almost always at a disadvantage because Rule 15 instructs courts to grant leave for amendment in a liberal fashion unless the opposing party would incur some form of prejudice that would be unfair. In other words, with respect to this dispute, the Court believes that the Federal Rules of Civil Procedure tilt toward allowing amendment of the complaint absent a compelling reason not to do so. The Court finds that while Defendant may believe that it is unfair to allow Plaintiff to amend its complaint—given the negotiations that have occurred to get the case to this procedural point—the Court agrees with Plaintiff that there is no proper basis to deny leave to amend at this point of the litigation.

1

## Legal Analysis

The Federal Rules of Civil Procedure provide that leave to amend a complaint should be "freely given." FED. R. CIV. P. 15(a)(2). Amendments to join parties and supplement allegations against additional parties is governed by the same standard, so long as the allegations of liability against the defendant sought to be joined arise from the same transaction or occurrence as the claims already in the case, and the defendant's alleged liability shares common questions of law or fact with the existing allegations and claims. FED. R. CIV. P. 20(a)(2); *see, e.g., Nation Wide Prods. LLC v. MJC Am. Ltd.*, No. 4:10-CV-880-Y, 2011 WL 13233559, at *2–3 (N.D. Tex. May 5, 2011).

Plaintiff correctly submits that in the Fifth Circuit only five circumstances justify denial of a requested amendment: "(1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). "The touchstone for denial of leave to amend under Rule 15(a) is prejudice." *Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130 (5th Cir. 2015). If the basis for opposing leave is delay, dismissal is appropriate "only if the delay presents the possibility of serious prejudice to the opponent." *Id.* (quoting *Deussouy v. Gulf Cost Inv. Corp.*, 660 F.2d 595, 598–99 & n.2 (5th Cir. 2001)). The Court finds that none of the circumstances that justify denial of a requested amendment are present in this case; thus, the Court finds that Plaintiff's Motion should be granted.

First, the Court finds that Plaintiff has not delayed in making this request—this is clear from the record. The Court's model order for patent cases contemplates adding parties and amending pleadings after the *Markman* hearing and the scheduled *Markman* hearing in this case is still six weeks away. Moreover, Plaintiff quickly asserted these claims once the multiple

2

lawsuits became a single lawsuit. Second, the Court finds that the decision to amend has not been made in bad faith—the scheduling order itself establishes that the amendment was done in advance of the Markman hearing and the commencement of discovery. Third, the Court finds no failure in previous amendments to "cure" any "deficiencies." Furthermore, Defendant has failed to cite any "deficiencies" in Plaintiff's prior complaints that had to be cured. To date, Plaintiff's amendments have been confined to including newly issued patents, and the Court denied Defendant's only motion to dismiss in its entirety. Fourth, for all the same reasons as above, the Court finds that Defendant will not suffer any undue prejudice. Finally, the Court finds that there is no argument that would support the contention that Plaintiff's amendment would be futile.

The Court also finds no merit in Defendant's opposition based on the alleged impropriety of allowing Plaintiff to assert the '854 Patent and non-patent claims against Bumble Holding. A plaintiff may join any defendant where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(A)–(B). Plaintiff seeks to add Bumble Holding as a Defendant based on its role in distributing and marketing the exact same Bumble application accused of infringement. Furthermore, the two entities are jointly and severally liable because of their joint role in making and distributing the Bumble application. Finally, the Court finds that the right to relief plainly arises from the same transaction. If the addition of Bumble Holding is without merit, then the appropriate manner for resolving this issue is through the filing of a motion to dismiss or a motion for summary judgment.

In sum, for the reasons explained above, the Court finds that none of the considerations for denying leave to amend apply in these circumstances. Accordingly, the Court **GRANTS**

3

Plaintiff Match Group, LLC's Partially Opposed Motion for Leave to File its Third Amended Complaint. Docket Number 61.

**SIGNED** this 27th day of March 2019.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE