IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MATCH GROUP, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>BUMBLE TRADING INC., BUMBLE HOLDING, LTD., BADOO TRADING LIMITED, MAGIC LAB CO., WORLDWIDE VISION LIMITED, BADOO LIMITED, BADOO SOFTWARE LIMITED, and BADOO TECHOLOGIES LIMITED,<br><br>    Defendants. | Civil Action No. 6:18-cv-00080-ADA<br><br>**<u>JURY TRIAL</u>** |
| BUMBLE TRADING INC. and BUMBLE HOLDING, LTD.,<br><br>    Cross-Plaintiffs,<br>  v.<br><br>MATCH GROUP, LLC and IAC/INTERACTIVECORP,<br><br>    Counter/Cross-Defendants. | |

**DEFENDANTS BUMBLE HOLDING, LTD. AND BUMBLE TRADING INC.'S MOTION TO DISMISS UNDER RULE 12(B)(6), OR IN THE ALTERNATIVE, STRIKE UNDER RULE 12(F), PLAINTIFF MATCH GROUP, LLC'S FOURTH AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiff Match Group, LLC's ("Match") Fourth Amended Complaint improperly adds a Tenth Cause of Action for declaratory relief against all Defendants, including Bumble Holding, Ltd. and Bumble Trading, Inc. (collectively, "Bumble"). This cause of action should be dismissed, or, in the alternative struck, for two reasons. First, it was added in violation of this Court's scheduling order, which requires a motion for leave before a party may add a new claim. Second, as alleged against the Bumble Defendants, it is redundant with the Texas state-law counterclaims for money damages Bumble has brought and therefore is a misuse of the Declaratory Judgment Act. For these reasons, Match's Tenth Cause of Action should be dismissed or struck as to Bumble.[1]

## II. LEGAL STANDARD

Federal Rules of Civil Procedure, Rule 16 governs scheduling orders. Rule 16(b)(4) requires good cause and the court's consent before a scheduling order can be modified. The Fifth Circuit has held that this good cause requirement to modify a scheduling order trumps the standard for amendment under Rule 15. *Filgueira v. U.S. Bank Nat.'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

A federal court has broad discretion to dismiss a claim for declaratory relief. *Travelers*

---

[1] This Motion to Dismiss is brought by Defendants Bumble Holding, Ltd. and Bumble Trading, Inc. The other Defendants in this action have not been served. However, the Tenth Cause of Action was improperly brought as to all Defendants, including for the reasons addressed herein.

*Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). A motion for declaratory judgment "must do more than simply restate its defenses to the plaintiff's cause of action" or else it "fails to state a claim upon which relief can be granted." *Albritton Props. v. Am. Empire Surplus Lines*, No. 04-CV-2531, 2005 WL 975423, at *2-3 (N.D. Tex. Apr. 25, 2005)(citation omitted).

## III. ARGUMENT

### A. Match's Attempt to Add a Tenth Cause of Action Violates the Scheduling Order.

On June 17, 2019, the Court issued a scheduling order in this matter ("the Scheduling Order"). (ECF No. 96.) The Scheduling Order allows a party to amend its pleadings before September 13, 2019, unless the amendment would add a new claim. (*Id*. at 1) However, if a party seeks to add a new claim, the Scheduling Order requires the party to file a motion for leave to amend. (*Id*. ("A motion is not required unless the amendment adds patents or claims.").)

Match's Fourth Amended Complaint violates the Scheduling Order by adding a new claim without leave—namely, Match's Tenth Cause of Action for declaratory relief. (*See* Fourth Am. Compl., ECF No. 100 at ¶¶ 279-313.) This violation of the Scheduling Order should not be allowed. *Cf. Slocum v. Livington*, No. 11-cv-0486, 2012 WL 2088953, at *15 (S.D. Tex. June 8, 2012) ("Disregard of the scheduling order [] undermine[s] the court's ability to control its docket, disrupt[s] the agreed-upon course of the litigation, and reward[s] the indolent and the cavalier." (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)).) Instead, the Tenth Cause of Action should be dismissed, or struck under Rule 12(f), as improperly alleged

without leave of Court. *See Novikova v. Puig*, No. 09-cv-1655, 2012 WL 13026810, at *2 (N.D. Tex. July 20, 2012) (striking amended pleadings filed in violation of scheduling order).

### B. Match's Tenth Cause of Action is an Improper Use of the Declaratory Judgement Act.

Match's Tenth Cause of Action should be dismissed as to Bumble for the independent reason that it is merely a denial of Bumble's claims for money damages. Bumble is currently litigating Texas state-law claims against Match for fraudulently representing interest in an acquisition of Bumble. (*See* Answer & Countercls., ECF No. 66 at ¶¶ 162-193.) Match's Tenth Cause of Action seeks a declaration that Match is not liable under these exact claims, which are currently being litigated in this same action. (*See* Fourth Am. Compl. at ¶ 280 ("***Match seeks a declaration of non-liability arising out of Bumble's claims*** related to the alleged false and misleading representations made to Bumble during the course of Match Group, Inc.'s evaluation of a potential acquisition of Bumble and Badoo." (emphasis added).)

This is improper. A declaratory relief claim must do more than seek to establish rights already at issue in pending substantive claims. *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 523 (5th Cir. 2016) (affirming dismissal of superfluous declaratory relief claim); *see also Madry v. Fina Oil & Chem. Co.*, 44 F.3d 1004, 1004 (5th Cir. 1994) (similar); *Perry v. H.J. Heinz Co. Brands, LLC*, No. 19-cv-0280, 2019 WL 2423231, at *3 (E.D. La. June 10, 2019) ("Courts uniformly dismiss declaratory judgment claims under Federal Rule of Civil Procedure 12(b)(6) if they are redundant of the substantive legal claims.") (citations omitted.). In the counterclaim context, this means declaratory relief "must do more than merely deny the plaintiff's claim," *Albritton Properties*, 2005 WL 975423, at *2, and, as a result, "[c]ourts in the Fifth Circuit regularly reject counterclaims for declaratory relief where they seek resolution of issues that are the mirror image of, and will be resolved by, a plaintiff's pending claims," *Five Star Royalty*

*Partners, Ltd. v. Mauldin*, No. 16-cv-0465, 2018 WL 2410997, at *11 (W.D. Tex. Apr. 2, 2018) (citations omitted).

Match's Tenth Cause of Action, as alleged against Bumble, seeks nothing more than declarations of non-liability under Bumble's pending claims. These questions of liability will necessarily be resolved through litigation of Bumble's pending claims themselves. As such, the Tenth Cause of Action, as alleged against Bumble is superfluous and must be dismissed. *See id.*; *Am. Equip. Co., Inc. v. Turner Bros. Crane & Rigging, LLC*, No. 13-cv-2011, 2014 WL 3543720, at *4 (S.D. Tex. July 14, 2014) (collecting cases); *Fed. Nat'l Mortg. Ass'n v. K.O. Realty, Inc.*, No. 13-cv-2781, 2014 WL 3900619, at *9 (N.D. Tex. Aug. 8, 2014) (similar).

## IV. CONCLUSION

Match's Tenth Cause of Action in its Fourth Amended Complaint should be dismissed under Rule 12(b)(6), or, in the alternative, struck under Rule 12(f), for the reasons herein.

Dated: August 16, 2019

Respectfully Submitted,

By: *Joseph M. Drayton*

Joseph M. Drayton (*Pro Hac Vice*)
NY Bar No. 2875318
**COOLEY LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
jdrayton@cooley.com

Michael G. Rhodes (*Pro Hac Vice*)
CA 116127
Matthew Caplan (*Pro Hac Vice*)
CA Bar No. 260388
**COOLEY LLP**
101 California Street, 5th Floor
San Francisco, CA 94111-5800

Telephone (415) 693-2000
Facsimile: (415) 693-2222
mrhodes@cooley.com
mcaplan@cooley.com

Rose S. Whelan (*Pro Hac Vice*)
DC Bar No. 999367
**COOLEY LLP**
1299 Pennsylvania Ave., N.W.
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
rwhelan@cooley.com

Deron R. Dacus
Texas Bar No. 00790553
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
ddacus@dacusfirm.com

*Attorneys for Defendant Bumble Trading, Inc., and Bumble Holding, Ltd.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served to counsel of record below via electronic mail on August 16, 2019.

*Joseph M. Drayton*
Joseph M. Drayton

209587037