# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **MATCH GROUP, LLC,**<br><br>    **Plaintiff,**<br><br> **v.**<br><br>**BUMBLE TRADING INC., BUMBLE HOLDING, LTD., BADOO TRADING LIMITED, MAGIC LAB CO., WORLDWIDE VISION LIMITED, BADOO LIMITED, BADOO SOFTWARE LIMITED, and BADOO TECHNOLOGIES LIMITED.**<br><br>    **Defendants.** | Civil Action No. 6:18-cv-00080-ADA<br><br>**JURY TRIAL** |
| **BUMBLE TRADING INC. and BUMBLE HOLDING, LTD.,**<br><br>    **Cross-Plaintiffs,**<br> **v.**<br><br>**MATCH GROUP, LLC and IAC/INTERACTIVECORP,**<br><br>    **Cross-Defendants.** | |

## DEFENDANTS BUMBLE TRADING INC. AND BUMBLE HOLDING, LTD.'S ANSWER TO PLAINTIFF MATCH GROUP, LLC'S FOURTH AMENDED COMPLAINT

Defendants Bumble Trading Inc. ("Bumble Trading") and Bumble Holding, Ltd. ("Bumble Holding," collectively with Bumble Trading, "Bumble") hereby files their answer ("Answer") to Plaintiff Match Group, LLC's ("Plaintiff" or "Match") Fourth Amended Complaint ("Fourth AC"). Bumble previously asserted Counterclaims, as well as Cross-Claims against

IAC/InterActiveCorp ("IAC") in its Answer to Match's Third Amended Complaint (D.I. 66.) Bumble continues to allege and seek relief based on these Counterclaims and Cross-Claims, but does not repeat the allegations and relief sought here because they require no amendment.

<b><u>BUMBLE'S ANSWER</u></b>

Each of the paragraphs below corresponds to the same numbered paragraph in the Fourth AC. Bumble denies all allegations in the Fourth AC, whether express or implied, that are not specifically admitted below. Bumble further denies that Plaintiff is entitled to the relief requested in the Fourth AC, or to any other relief. Where an allegation is true as to Bumble Trading, but not Bumble Holding, or as to Bumble Holding, but not as to Bumble Trading, it is so indicated below.

The "Introduction" to Match's Fourth AC contains two pages of attorney argument rather than factual allegations requiring a response. To the extent a response is required, Bumble denies any allegations set forth in the unnumbered "Introduction" of the Fourth AC. To the extent the descriptive headers in Match's Fourth AC contain factual allegations requiring a response, Bumble denies any allegations set forth in the descriptive headers of the Fourth AC.

## I.     THE PARTIES

1.     Bumble lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Fourth AC, and therefore denies them.

2.     Bumble Trading admits that Bumble Trading is a Delaware corporation with a principal place of business at 1105 W 41st St. Austin, TX 78756.

3.     Bumble Holding admits that it is corporation existing under the laws of the United Kingdom with a principal place of business in London, United Kingdom.

4.     The allegations of Paragraph 4 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; therefore, no response is required. To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 4 of the Fourth AC.

5.      The allegations of Paragraph 5 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; therefore, no response is required.  To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 5 of the Fourth AC.

6.      The allegations of Paragraph 6 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; therefore, no response is required.  To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 6 of the Fourth AC.

7.      The allegations of Paragraph 7 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; therefore, no response is required.  To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 7 of the Fourth AC.

8.      The allegations of Paragraph 8 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; therefore, no response is required.  To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 8 of the Fourth AC.

9.      The allegations of Paragraph 9 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; therefore, no response is required.  To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 9 of the Fourth AC.

## II.      JURISDICTION AND VENUE

10.      Bumble denies that it has committed acts of patent infringement and/or induced or contributed to acts of patent infringement in the Western District of Texas, the State of Texas, or anywhere in the United States.  For the purposes of this action, Bumble does not contest personal jurisdiction.  Bumble admits that this Court has original jurisdiction over patent infringement and federal trade secret claims, and that this Court declined to dismiss Bumble's allegations concerning Match's declaratory judgment claims.  Bumble Trading admits that its headquarters is located in Austin, Texas, but otherwise denies the remaining allegations set forth in Paragraph 10 of the Fourth AC.  Bumble Holding denies that its headquarters is located in Austin, Texas and otherwise

denies the remaining allegations set forth in Paragraph 10 of the Fourth AC.

11.     Bumble denies that it has committed acts of infringement in this District or any other judicial district.  For the purposes of this action, Bumble admits that venue is proper in the Western District of Texas.  Bumble denies any remaining allegations set forth in Paragraph 11 of the Fourth AC.

12.     Bumble Trading admits that its principal place of business is in this district. Bumble Holding denies that its principal place of business is in this district.  Bumble denies the remaining allegations in paragraph 12 of the Fourth AC.

13.     Bumble Trading admits that the Waco Federal Courthouse is less than 100 miles as the crow flies from its Austin-based headquarters.  Bumble denies that the Waco Division of the Western District of Texas is convenient for Bumble.  Bumble Holding denies that its principal place of business is within 100 miles of the Waco Federal Courthouse.  Bumble lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of the Fourth AC, and therefore denies them.

14.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Fourth AC, and therefore denies them.

15.     Bumble denies the allegations set forth in Paragraph 15 of the Fourth AC.

16.     Bumble admits that this Court has original subject matter jurisdiction over patent infringement claims.  Bumble denies that it has committed acts of patent infringement in the Western District of Texas, the State of Texas, or anywhere in the United States.  To the extent the allegations of Paragraph 16 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.  To the extent a response is deemed required, Bumble denies the remaining allegations set forth in Paragraph 16 of the Fourth AC.

17.     To the extent the allegations of Paragraph 17 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.  To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 17 of the Fourth AC.

18.     The allegations of Paragraph 18 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; therefore, no response is required.  To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 18 of the Fourth AC.

III.     **FACTUAL ALLEGATIONS**

19.     Bumble admits that Jonathan Badeen, Chris Gulczynski, Joe Munoz, Sean Rad, and Whitney Wolfe-Herd were a part of the Tinder team that conceived, designed, developed, and conducted initial marketing efforts for the Tinder app.  Bumble lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 of the Fourth AC, and therefore denies them.

20.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Fourth AC, and therefore denies them.

21.     Bumble admits the allegations set forth in Paragraph 21 of the Fourth AC.

22.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Fourth AC, and therefore denies them.

23.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Fourth AC, and therefore denies them.

24.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Fourth AC, and therefore denies them.

25.     Bumble admits that U.S. Patent No. 9,733,811 (the "'811" Patent") is entitled "Matching Process System and Method" and that a copy of this patent was attached to the Fourth AC as Exhibit A.  Bumble denies the remaining allegations set forth in Paragraph 25 of the Fourth

AC.

26.     Bumble admits that U.S. Patent No. 9,959,023 ("the '023" Patent) on its face states an issue date of May 1, 2018 and is entitled "Matching Process System and Method." Bumble denies the remaining allegations set forth in Paragraph 26 of the Fourth AC.

27.     Bumble admits that U.S. Patent No. 10,203,854 ("the '854 Patent") on its face states an issue date of February 12, 2019 and is entitled "Matching Process System and Method." Bumble denies the remaining allegations set forth in Paragraph 27 of the Fourth AC.

28.     Bumble admits that there is a federally registered trademark, Reg. No. 4,465,926, for "swipe" and that Match purports to attach a copy of the registration as Exhibit D. Bumble lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 28 of the Fourth AC, and therefore denies them.

29.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Fourth AC, and therefore denies them.

30.     Bumble denies the allegations set forth in Paragraph 30 of the Fourth AC.

31.     Bumble denies the allegations set forth in Paragraph 31 of the Fourth AC.

32.     Bumble denies the allegations of Paragraph 32 of the Fourth AC, except refers the Court to the text of the Telegraph article, which speaks for itself.

33.     Bumble denies the allegations of Paragraph 33 of the Fourth AC, except refers the Court to the text of the English Oxford Dictionary, which speaks for itself.

34.     Bumble denies the allegations of Paragraph 34 of the Fourth AC, except refers the Court to the text of the English Oxford Dictionary, which speaks for itself.

35.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Fourth AC, and therefore denies them.

36.     Bumble denies the allegations of Paragraph 36 of the Fourth AC, except refers the Court to the text of the February 2014 article in TIME Magazine, which speaks for itself.

37.     Bumble denies the allegations of Paragraph 37 of the Fourth AC, except refers the Court to the text of the February 2015 article in CIO.com article, which speaks for itself.

38.     Bumble denies the fame of the term "swipe right" in January 2015 and denies that Tinder holds, or has ever held, any trademark rights in the term "swipe right".  Bumble lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 38 of the Fourth AC, and therefore denies them.

39.     The allegations in Paragraph 39 of the Fourth AC state a legal conclusion to which no response is required.  To the extent a response is required, Bumble denies the allegations set forth in Paragraph 39 of the Fourth AC.

40.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Fourth AC, and therefore denies them.

41.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Fourth AC, and therefore denies them.

42.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Fourth AC, and therefore denies them.

43.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Fourth AC, and therefore denies them.

44.     Bumble denies the allegations set forth in Paragraph 44 of the Fourth AC.

45.     The allegations in Paragraph 45 of the Fourth AC state a legal conclusion to which no response is required.  To the extent a response is required, Bumble denies the allegations set forth in Paragraph 45 of the Fourth AC.

46. The allegations in Paragraph 46 of the Fourth AC state a legal conclusion to which no response is required. To the extent a response is required, Bumble denies the allegations set forth in Paragraph 46 of the Fourth AC.

47. Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Fourth AC, and therefore denies them.

48. Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Fourth AC, and therefore denies them.

49. Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Fourth AC, and therefore denies them.

50. Bumble admits that Whitney Wolfe-Herd co-founded and worked at Tinder and left after December of 2013. Bumble admits that it launched in December 2014. Bumble admits that Whitney Wolfe-Herd founded Bumble. Bumble lacks sufficient information to form a belief as to the effective date of Chris Gulczynski's and Sarah Mick's severance agreements with Tinder, and therefore denies those allegations. Bumble otherwise denies the remaining allegations set forth in Paragraph 50 of the Fourth AC.

51. Bumble admits that Bumble is a mobile dating app, which for those seeking opposite gender relationships, requires the woman user to send the first message. Bumble otherwise denies the remaining allegations set forth in Paragraph 51 of the Fourth AC.

52. Bumble denies the allegations of Paragraph 52 of the Fourth AC, except refers the Court to the text of the referenced TechCrunch article, which speaks for itself.

53. Bumble denies the allegations of Paragraph 53 of the Fourth AC, except refers the Court to the text of the referenced Texas Monthly article, which speaks for itself.

54. Bumble denies the allegations of Paragraph 54 of the Fourth AC, except refers the

Court to the text of the referenced BGR and Los Angeles Business Journal articles, which speaks for themselves.

55. Bumble admits that the two images on the right below Paragraph 55 appear to show the Bumble App, and refers the Court to the Bumble App, which speaks for itself. Bumble otherwise denies the remaining allegations set forth in Paragraph 55 of the Fourth AC.

56. Bumble admits that the image on the right below Paragraph 56 appears to show the Bumble App, and refers the Court to the Bumble App, which speaks for itself. Bumble otherwise denies the remaining allegations set forth in Paragraph 56 of the Fourth AC.

57. Bumble refers the Court to the Bumble App, which speaks for itself. Bumble otherwise denies the remaining allegations set forth in Paragraph 57 of the Fourth AC.

58. Bumble denies the allegations set forth in Paragraph 58 of the Fourth AC.

59. Bumble denies the allegations set forth in Paragraph 59 of the Fourth AC.

60. Bumble denies the allegations set forth in Paragraph 60 of the Fourth AC, except refers the Court to the screen images reproduced in Match's Fourth AC, which speak for themselves.

61. Bumble denies the allegations set forth in Paragraph 61 of the Fourth AC, except refers the Court to the screen images reproduced in Match's Fourth AC, which speak for themselves.

62. Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Fourth AC, and therefore denies them.

63. Bumble denies the allegations set forth in Paragraph 63 of the Fourth AC, except refers the Court to the screen images reproduced in Match's Fourth AC, which speak for themselves.

64.     Bumble denies the allegations set forth in Paragraph 64 of the Fourth AC.

65.     Bumble denies the allegations set forth in Paragraph 65 of the Fourth AC, except refers the Court to the text of the "About Us" section of its website, which speaks for itself.

66.     Bumble denies the allegations set forth in Paragraph 66 of the Fourth AC, except refers the Court to the text in the third party app stores, which speaks for itself.

67.     Bumble denies the allegations set forth in Paragraph 67 of the Fourth AC, except refers the Court to the text of the Bumble website, which speaks for itself.

68.     Bumble denies the allegations set forth in Paragraph 68 of the Fourth AC, except refers the Court to "the Beehive" blog, which speaks for itself.

69.     Bumble denies the allegations set forth in Paragraph 69 of the Fourth AC, except refers the Court to the text of the "Frequently Asked Questions" section of the Bumble App, which speaks for itself.

70.     Bumble denies the allegations set forth in Paragraph 70 of the Fourth AC, except refers the Court to Bumble's "backtrack" screen, which speaks for itself.

71.     Bumble denies the allegations set forth in Paragraph 71 of the Fourth AC, except refers the Court to the CNBC interview referenced in the Fourth AC, which speaks for itself.

72.     Bumble denies the allegations set forth in Paragraph 72 of the Fourth AC, except refers the Court to the Fox Business interview referenced in the Fourth AC, which speaks for itself.

73.     Bumble denies the allegations set forth in Paragraph 73 of the Fourth AC, except refers the Court to the CNN Money interview referenced in the Fourth AC, which speaks for itself.

74.     Bumble denies the allegations set forth in Paragraph 74 of the Fourth AC, except refers the Court to Bumble's advertising, which speaks for itself.

75.     Bumble denies the allegations set forth in Paragraph 75 of the Fourth AC.

76.     Bumble admits that the image below paragraph 76 appears to show a prior version of the Bumble App.  Bumble otherwise denies the remaining allegations set forth in Paragraph 76 of the Fourth AC.

77.     Bumble refers the Court to the previous version of the Bumble screen referenced in the Fourth AC, which speaks for itself.  Bumble otherwise denies the allegations set forth in Paragraph 77 of the Fourth AC.

78.     Bumble refers the Court to the Bumble App which speaks for itself.  Bumble otherwise denies the allegations set forth in Paragraph 78 of the Fourth AC.

79.     Bumble admits the "SuperSwipe" was added to the Bumble App as a paid feature in July 2017.

80.     Bumble admits that the quotations in Paragraph 80 appear in the Forbes article cited in footnote 3.  Bumble otherwise denies the remaining allegations set forth in Paragraph 80 of the Fourth AC.

81.     Bumble denies the allegations of Paragraph 81 of the Fourth AC.

82.     Bumble admits that Bumble Trading Inc. and Bumble Holding, Ltd. are indirectly held subsidiaries of Worldwide Vision Limited.  To the extent the allegations of Paragraph 82 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.  To the extent a response is deemed required, Bumble denies the remaining allegations set forth in Paragraph 82 of the Fourth AC, except that it admits that the word quoted in Paragraph 82 appears in Forbes article cited in footnote 3.

83.     Bumble admits that through at least fiscal year 2018, Badoo Trading Limited was the majority owner and immediate parent of Bumble Holding, Ltd.  Bumble denies the remaining allegations set forth in Paragraph 83 of the Fourth AC.

84.     The allegations of Paragraph 84 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; therefore, no response is required.  To the extent a response is deemed required, Bumble lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Fourth AC, and therefore denies them.

85.     The allegations of Paragraph 85 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; therefore, no response is required.  To the extent a response is deemed required, Bumble lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Fourth AC, and therefore denies them.

86.     To the extent the allegations of Paragraph 86 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.  To the extent a response is deemed required; Bumble admits that the words quoted in Paragraph 86 appear on the website cited in footnote 5.  Bumble denies the remaining allegations set forth in Paragraph 86 of the Fourth AC.

## FIRST CAUSE OF ACTION: INFRINGEMENT OF THE '811 PATENT

87.     Bumble incorporates by reference its responses to the preceding paragraphs of the Fourth AC as if fully set forth herein.

88.     Bumble denies the allegations set forth in Paragraph 88 of the Fourth AC.

89.     Paragraph 89 of the Fourth AC states a legal conclusion to which no response is required.  To the extent a response is required, Bumble refers the Court to the text of claim 1 of the '811 patent, which speaks for itself.

90.     Paragraph 90 of the Fourth AC states a legal conclusion to which no response is required.   To the extent a response is required, Bumble refers the Court to the text of claim 4 of the '811 patent, which speaks for itself.

91.     Paragraph 91 of the Fourth AC states a legal conclusion to which no response is required.  To the extent a response is required, Bumble refers the Court to the text of claim 7 of

the '811 patent, which speaks for itself.

92.     Bumble Holding admits that it is listed as the publisher of the Bumble App.  Bumble otherwise denies the allegations in Paragraph 92 of the Fourth AC.

93.     Bumble denies the allegations set forth in Paragraph 93 of the Fourth AC.

94.     Bumble denies the allegations set forth in Paragraph 94 of the Fourth AC, except refers the Court to the Frequently Asked Questions section on Bumble's Website, which speaks for itself.

95.     Bumble denies the allegations set forth in Paragraph 95 of the Fourth AC.

96.     Bumble denies the allegations set forth in Paragraph 96 of the Fourth AC.

97.     Bumble denies the allegations set forth in Paragraph 97 of the Fourth AC.

98.     Bumble denies the allegations set forth in Paragraph 98 of the Fourth AC.

99.     Bumble denies the allegations set forth in Paragraph 99 of the Fourth AC.

100.    Bumble denies the allegations set forth in Paragraph 100 of the Fourth AC.

101.    Bumble denies the allegations set forth in Paragraph 101 of the Fourth AC.

102.    Bumble denies the allegations set forth in Paragraph 102 of the Fourth AC.

103.    Bumble denies the allegations set forth in Paragraph 103 of the Fourth AC.

104.    Bumble denies the allegations set forth in Paragraph 104 of the Fourth AC.

105.    Bumble denies the allegations set forth in Paragraph 105 of the Fourth AC.

106.    Bumble denies the allegations set forth in Paragraph 106 of the Fourth AC.

107.    Bumble denies the allegations set forth in Paragraph 107 of the Fourth AC.

108.    Bumble denies the allegations set forth in Paragraph 108 of the Fourth AC.

109.    Bumble denies the allegations set forth in Paragraph 109 of the Fourth AC.

110.    Bumble denies that it was aware of the '811 Patent.  Bumble lacks sufficient

information to form a belief as to the remaining allegations set forth in Paragraph 110 of the Fourth AC, and therefore denies them.

111.    Bumble denies the allegations set forth in Paragraph 111 of the Fourth AC, and refers the Court the Axios online publication, which speaks for itself.

112.    Bumble lacks sufficient information to form a belief as to the allegations regarding a June 22, 2015 Adweek article, and therefore denies them.   Bumble denies the remaining allegations set forth in Paragraph 112 of the Fourth AC.

113.    Bumble admits that Whitney Wolfe-Herd was working at Tinder in October 2013. Bumble lacks sufficient information to form a belief as to the allegations regarding Chris Gulczynski and Sarah Mick, and therefore denies them. Bumble otherwise denies the remaining allegations set forth in Paragraph 113 of the Fourth AC.

114.    Bumble denies the allegations set forth in Paragraph 114 of the Fourth AC.

115.    Bumble denies the allegations set forth in Paragraph 115 of the Fourth AC.

116.    Bumble denies the allegations set forth in Paragraph 116 of the Fourth AC.

117.    Bumble denies the allegations set forth in Paragraph 117 of the Fourth AC.

118.    Bumble denies the allegations set forth in Paragraph 118 of the Fourth AC.

119.    Bumble denies the allegations set forth in Paragraph 119 of the Fourth AC.

120.    Bumble denies the allegations set forth in Paragraph 120 of the Fourth AC.

121.    Bumble denies the allegations set forth in Paragraph 121 of the Fourth AC.

122.    Bumble denies the allegations set forth in Paragraph 122 of the Fourth AC.

123.    Bumble denies that the Bumble App infringes the '811 patent.  To the extent the allegations of Paragraph 123 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.   To the extent a response is deemed required, Bumble denies the

allegations set forth in Paragraph 123 of the Fourth AC.

124.    Bumble denies that the Bumble App infringes the '811 patent.  To the extent the allegations of Paragraph 124 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.  To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 124 of the Fourth AC.

125.     Bumble denies that the Bumble App infringes the '811 patent.  To the extent the allegations of Paragraph 125 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.  To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 125 of the Fourth AC.

126.    Bumble denies that the Bumble App infringes the '811 patent.  To the extent the allegations of Paragraph 126 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.  To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 126 of the Fourth AC.

127.    Bumble denies that the Bumble App infringes the '811 patent.  To the extent the allegations of Paragraph 127 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.  To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 127 of the Fourth AC.

128.    Bumble denies that the Bumble App infringes the '811 patent.  To the extent the allegations of Paragraph 128 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.  To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 128 of the Fourth AC.

129.    Bumble denies that the Bumble App infringes the '811 patent.  To the extent the allegations of Paragraph 129 of the Fourth AC do not relate to Bumble Trading or Bumble Holding;

no response is required. To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 129 of the Fourth AC.

## SECOND CAUSE OF ACTION: INFRINGEMENT OF THE '023 PATENT

130. Bumble incorporates by reference its responses to the previous paragraphs of the Fourth AC as if fully set forth herein.

131. Bumble denies the allegations set forth in Paragraph 131 of the Fourth AC.

132. Paragraph 132 of the Fourth AC states a legal conclusion to which no response is required. To the extent a response is required, Bumble refers the Court to the text of claim 3 of the '023 patent, which speaks for itself.

133. Bumble Holding admits that it is listed as the publisher of the Bumble App. Bumble otherwise denies the allegations in Paragraph 133 of the Fourth AC.

134. Bumble denies the allegations set forth in Paragraph 134 of the Fourth AC.

135. Bumble denies the allegations set forth in Paragraph 135 of the Fourth AC.

136. Bumble lacks information sufficient to form a belief about the truth of the allegations set forth in Paragraph 136 of the Fourth AC and therefore denies them.

137. Bumble denies the allegations set forth in Paragraph 137 of the Fourth AC.

138. Bumble denies the allegations set forth in Paragraph 138 of the Fourth AC.

139. Bumble denies the allegations set forth in Paragraph 139 of the Fourth AC.

140. Bumble denies the allegations set forth in Paragraph 140 of the Fourth AC.

141. Bumble denies the allegations set forth in Paragraph 141 of the Fourth AC.

142. Bumble denies the allegations set forth in Paragraph 142 of the Fourth AC.

143. Bumble denies the allegations set forth in Paragraph 143 of the Fourth AC.

144. Bumble denies the allegations set forth in Paragraph 144 of the Fourth AC.

145. Bumble denies the allegations set forth in Paragraph 145 of the Fourth AC.

146.     Bumble denies the allegations set forth in Paragraph 146 of the Fourth AC.

147.     Bumble denies the allegations set forth in Paragraph 147 of the Fourth AC.

148.     Bumble denies the allegations set forth in Paragraph 148 of the Fourth AC.

149.     Bumble denies the allegations set forth in Paragraph 149 of the Fourth AC.

150.     Bumble denies the allegations set forth in Paragraph 150 of the Fourth AC.

151.     Bumble denies the allegations set forth in Paragraph 151 of the Fourth AC.

152.     Bumble denies the allegations set forth in Paragraph 152 of the Fourth AC.

153.     Bumble denies that the Bumble App infringes the '023 patent.  To the extent the allegations of Paragraph 153 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.   To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 153 of the Fourth AC.

154.     Bumble denies that the Bumble App infringes the '023 patent.  To the extent the allegations of Paragraph 154 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.   To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 154 of the Fourth AC.

155.      Bumble denies that the Bumble App infringes the '023 patent.  To the extent the allegations of Paragraph 155 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.   To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 155 of the Fourth AC.

156.     Bumble denies that the Bumble App infringes the '023 patent.  To the extent the allegations of Paragraph 156 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.   To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 156 of the Fourth AC.

157.     Bumble denies that the Bumble App infringes the '023 patent.  To the extent the allegations of Paragraph 157 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.  To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 157 of the Fourth AC.

158.     Bumble denies that the Bumble App infringes the '023 patent.  To the extent the allegations of Paragraph 158 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.  To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 158 of the Fourth AC.

159.     Bumble denies that the Bumble App infringes the '023 patent.  To the extent the allegations of Paragraph 159 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.  To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 159 of the Fourth AC.

### THIRD CAUSE OF ACTION: INFRINGEMENT OF THE '854 PATENT

160.     Bumble incorporates by reference its responses to the previous paragraphs of the Fourth AC as if fully set forth herein.

161.     Bumble denies the allegations set forth in Paragraph 161 of the Fourth AC.

162.     Paragraph 162 of the Fourth AC states a legal conclusion to which no response is required.  To the extent a response is required, Bumble refers the Court to the text of claim 1 of the '854 patent, which speaks for itself.

163.     Bumble Holding admits that it is listed as the publisher of the Bumble App.  Bumble otherwise denies the allegations in Paragraph 163 of the Fourth AC.

164.     Bumble denies the allegations set forth in Paragraph 164 of the Fourth AC.

165.     Bumble denies the allegations set forth in Paragraph 165 of the Fourth AC.

166.     Bumble denies the allegations set forth in Paragraph 166 of the Fourth AC.

167.     Bumble denies the allegations set forth in Paragraph 167 of the Fourth AC.

168.     Bumble denies the allegations set forth in Paragraph 168 of the Fourth AC.

169.     Bumble denies the allegations set forth in Paragraph 169 of the Fourth AC.

170.     Bumble denies the allegations set forth in Paragraph 170 of the Fourth AC.

171.     Bumble denies the allegations set forth in Paragraph 171 of the Fourth AC.

172.     Bumble denies the allegations set forth in Paragraph 172 of the Fourth AC.

173.     Bumble denies the allegations set forth in Paragraph 173 of the Fourth AC.

174.     Bumble denies the allegations set forth in Paragraph 174 of the Fourth AC.

175.     Bumble denies the allegations set forth in Paragraph 175 of the Fourth AC.

176.     Bumble denies the allegations set forth in Paragraph 176 of the Fourth AC.

177.     Bumble denies the allegations set forth in Paragraph 177 of the Fourth AC.

178.     Bumble denies the allegations set forth in Paragraph 178 of the Fourth AC.

179.     Bumble denies the allegations set forth in Paragraph 179 of the Fourth AC.

180.     Bumble denies the allegations set forth in Paragraph 180 of the Fourth AC.

181.     Bumble denies the allegations set forth in Paragraph 181 of the Fourth AC.

182.     Bumble denies the allegations set forth in Paragraph 182 of the Fourth AC.

183.     Bumble denies the allegations set forth in Paragraph 183 of the Fourth AC.

184.     Bumble denies the allegations set forth in Paragraph 184 of the Fourth AC.

185.     Bumble denies the allegations set forth in Paragraph 185 of the Fourth AC.

186.     Bumble denies the allegations set forth in Paragraph 186 of the Fourth AC.

187.     Bumble denies the allegations set forth in Paragraph 187 of the Fourth AC.

188.     Bumble denies the allegations set forth in Paragraph 188 of the Fourth AC.

189.     Bumble lacks sufficient information to form a belief as to the truth with respect to how "many users feel" and therefore denies this allegation.  Bumble denies any remaining allegations set forth in Paragraph 189 of the Fourth AC.

190.     Bumble lacks sufficient information to form a belief as to the truth with respect to what "many users believe" and therefore denies this allegation.  Bumble denies the remaining allegations set forth in Paragraph 190 of the Fourth AC.

191.     Bumble denies the allegations set forth in Paragraph 191 of the Fourth AC.

192.     Bumble denies the allegations set forth in Paragraph 192 of the Fourth AC.

193.     Bumble denies the allegations set forth in Paragraph 193 of the Fourth AC.

194.     Bumble denies the allegations set forth in Paragraph 194 of the Fourth AC.

195.     Bumble denies the allegations set forth in Paragraph 195 of the Fourth AC.

196.     Bumble denies the allegations of Paragraph 196 of the Fourth AC, except refers the Court to the text of the Davidson College project, which speaks for itself.

197.     Bumble denies the allegations of Paragraph 197 of the Fourth AC, except refers the Court to the text of the growthhackers.com article, which speaks for itself.

198.     Bumble denies the allegations of Paragraph 198 of the Fourth AC, except refers the Court to the text of the innovationiseverywhere.com article, which speaks for itself.

199.     Bumble denies that the Bumble App infringes the '854 patent.  To the extent the allegations of Paragraph 199 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required.  To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 199 of the Fourth AC.

200.     Bumble denies that the Bumble App infringes the '854 patent.  To the extent the allegations of Paragraph 200 of the Fourth AC do not relate to Bumble Trading or Bumble Holding;

no response is required. To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 200 of the Fourth AC.

201. Bumble denies that the Bumble App infringes the '854 patent. To the extent the allegations of Paragraph 201 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required. To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 201 of the Fourth AC.

202. Bumble denies that the Bumble App infringes the '854 patent. To the extent the allegations of Paragraph 202 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required. To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 202 of the Fourth AC.

203. Bumble denies that the Bumble App infringes the '854 patent. To the extent the allegations of Paragraph 203 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required. To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 203 of the Fourth AC.

204. Bumble denies that the Bumble App infringes the '854 patent. To the extent the allegations of Paragraph 204 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required. To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 204 of the Fourth AC.

205. Bumble denies that the Bumble App infringes the '854 patent. To the extent the allegations of Paragraph 205 of the Fourth AC do not relate to Bumble Trading or Bumble Holding; no response is required. To the extent a response is deemed required, Bumble denies the allegations set forth in Paragraph 205 of the Fourth AC.

## FOURTH CAUSE OF ACTION: TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1114(a)

206.     Bumble incorporates by reference its responses to the preceding paragraphs of the Fourth AC as if fully set forth herein.

207.     Responding to Paragraph 207 of the Fourth AC, Bumble refers the Court to records available from the U.S. Patent and Trademark Office online database regarding U.S. Registration No. 4,465,926, which speak for themselves.  As set forth below, Bumble denies that registration of the mark SWIPE is proper and denies any remaining allegations of Paragraph 207.

208.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 208 of the Fourth AC, and therefore denies them.

209.     Bumble denies the allegations set forth in Paragraph 209 of the Fourth AC.

210.     Bumble denies the allegations set forth in Paragraph 210 of the Fourth AC.

211.     Bumble denies the allegations set forth in Paragraph 211 of the Fourth AC.

212.     Bumble denies the allegations set forth in Paragraph 212 of the Fourth AC.

## FIFTH CAUSE OF ACTION: TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1125(a)

213.     Bumble incorporates by reference its responses to the preceding paragraphs of the Fourth AC as if fully set forth herein.

214.     Bumble denies the allegations set forth in Paragraph 214 of the Fourth AC.

215.     Bumble denies the allegations set forth in Paragraph 215 of the Fourth AC.

216.     Bumble denies the allegations set forth in Paragraph 216 of the Fourth AC.

217.     Bumble denies the allegations set forth in Paragraph 217 of the Fourth AC.

218.     Bumble denies the allegations set forth in Paragraph 218 of the Fourth AC.

## SIXTH CAUSE OF ACTION: INFRINGEMENT OF TRADE DRESS
## UNDER 15 U.S.C. § 1125(a)

219. Bumble incorporates by reference its responses to the preceding paragraphs of the Fourth AC as if fully set forth herein.

220. Bumble denies the allegations set forth in Paragraph 220 of the Fourth AC.

221. Bumble denies the allegations set forth in Paragraph 221 of the Fourth AC.

222. Bumble denies the allegations set forth in Paragraph 222 of the Fourth AC.

223. Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 223 of the Fourth AC, and therefore denies them.

224. Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 224 of the Fourth AC, and therefore denies them.

225. Bumble denies the allegations set forth in Paragraph 225 of the Fourth AC.

226. Bumble denies the allegations set forth in Paragraph 226 of the Fourth AC.

227. Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 227 of the Fourth AC, and therefore denies them.

228. Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 228 of the Fourth AC, and therefore denies them.

229. Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 229 of the Fourth AC, and therefore denies them.

230. Bumble denies the allegations set forth in Paragraph 230 of the Fourth AC.

231. Bumble denies the allegations set forth in Paragraph 231 of the Fourth AC.

232. Bumble denies the allegations set forth in Paragraph 232 of the Fourth AC.

233. Bumble denies the allegations set forth in Paragraph 233 of the Fourth AC.

234. Bumble denies the allegations set forth in Paragraph 234 of the Fourth AC.

235.    Bumble denies the allegations set forth in Paragraph 235 of the Fourth AC.

**SEVENTH CAUSE OF ACTION: TRADEMARK DILUTION**

236.    Bumble incorporates by reference its responses to the preceding paragraphs of the Fourth AC as if fully set forth herein.

237.    Bumble denies the allegations set forth in Paragraph 237 of the Fourth AC.

238.    Bumble denies the allegations set forth in Paragraph 238 of the Fourth AC.

239.    Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 239 of the Fourth AC, and therefore denies them.

240.    Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 240 of the Fourth AC, and therefore denies them.

241.    Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 241 of the Fourth AC, and therefore denies them.

242.    Bumble denies the allegations set forth in Paragraph 242 of the Fourth AC.

243.    Bumble denies the allegations set forth in Paragraph 243 of the Fourth AC.

244.    Bumble denies the allegations set forth in Paragraph 244 of the Fourth AC.

245.    Bumble denies the allegations set forth in Paragraph 245 of the Fourth AC.

**EIGHTH CAUSE OF ACTION: TEXAS UNFAIR COMPETITION**

246.    Bumble incorporates by reference its responses to the preceding paragraphs of the Fourth AC as if fully set forth herein.

247.    Bumble denies the allegations set forth in Paragraph 247 of the Fourth AC.

248.    Bumble denies the allegations set forth in Paragraph 248 of the Fourth AC.

249.    Bumble denies the allegations set forth in Paragraph 249 of the Fourth AC.

250.    Bumble denies the allegations set forth in Paragraph 250 of the Fourth AC.

251.    Bumble denies the allegations set forth in Paragraph 251 of the Fourth AC.

252.     Bumble denies the allegations set forth in Paragraph 252 of the Fourth AC.

## NINTH CAUSE OF ACTION: MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT AND THE TEXAS UNIFORM TRADE SECRETS ACT

253.     Bumble incorporates by reference its responses to the preceding paragraphs of the Fourth AC as if fully set forth herein.

254.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 254 of the Fourth AC, and therefore denies them.

255.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 255 of the Fourth AC, and therefore denies them.

256.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 256 of the Fourth AC, and therefore denies them.

257.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 257 of the Fourth AC, and therefore denies them.

258.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 258 of the Fourth AC, and therefore denies them.

259.     Bumble admits that its "Backtrack" feature was implemented in March of 2015 and refers the Court to the Bumble website, which speaks for itself.  Bumble otherwise denies the remaining allegations set forth in Paragraph 259 of the Fourth AC.

260.     Bumble lacks sufficient information to form a belief as to the truth of the allegations relating to the timing of the announcement of and the functionality of Tinder's "rewind" feature, and therefore denies them.  Bumble otherwise denies the remaining allegations set forth in Paragraph 260 of the Fourth AC.

261.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 261 of the Fourth AC, and therefore denies them.

262.     Bumble refers the Court to the Bumble App, which speaks for itself.  Bumble otherwise denies the remaining allegations set forth in Paragraph 262 of the Fourth AC.

263.     Bumble denies the allegations set forth in Paragraph 263 of the Fourth AC.

264.     Bumble denies the allegations set forth in Paragraph 264 of the Fourth AC.

265.     The allegations in Paragraph 265 of the Fourth AC state a legal conclusion to which no response is required.  To the extent a response is required, Bumble denies the allegations set forth in Paragraph 265 of the Fourth AC.

266.     Bumble denies the allegations set forth in Paragraph 266 of the Fourth AC.

267.     Bumble denies the allegations set forth in Paragraph 267 of the Fourth AC.

268.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 268 of the Fourth AC, and therefore denies them.

269.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 269 of the Fourth AC, and therefore denies them.

270.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 270 of the Fourth AC, and therefore denies them.

271.     Bumble lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 271 of the Fourth AC, and therefore denies them.

272.     Bumble denies the allegations set forth in Paragraph 272 of the Fourth AC, except that Bumble refers the Court to its App, which speaks for itself.

273.     Bumble denies the allegations set forth in Paragraph 273 of the Fourth AC.

274.     Bumble denies the allegations set forth in Paragraph 274 of the Fourth AC.

275.     Bumble denies the allegations set forth in Paragraph 275 of the Fourth AC.

276.     Bumble lacks sufficient information to form a belief as to the truth of the allegations

set forth in Paragraph 276 of the Fourth AC with respect to what Match believes to know or not know, and therefore denies them. Bumble denies the implication of the allegations set forth in Paragraph 276 without qualification.

277. Bumble denies the allegations set forth in Paragraph 277 of the Fourth AC.

278. Bumble denies the allegations set forth in Paragraph 278 of the Fourth AC.

## <u>TENTH CAUSE OF ACTION</u>

279. Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

280. Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

281. Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

282. Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

283. Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

284. Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

285. Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

286. Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

287. Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

288.    Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

289.    Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

290.    Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

291.    Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

292.    Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

293.    Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

294.    Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

295.    Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

296.    Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

297.    Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

298.    Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

299.    Bumble has moved to dismiss this cause of action, therefore no response is required

to this paragraph at this time.

300.     Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

301.     Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

302.     Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

303.     Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

304.     Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

305.     Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

306.     Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

307.     Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

308.     Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

309.     Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

310.     Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

311.     Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

312.     Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

313.     Bumble has moved to dismiss this cause of action, therefore no response is required to this paragraph at this time.

## RESPONSE TO PRAYER FOR RELIEF

314.     Bumble incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.  Bumble denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs 1 through 9, including all subparagraphs, of the Prayer for Relief of the Fourth AC.

## DEMAND FOR JURY TRIAL

315.     Plaintiff's demand for a trial by jury does not require a response by Bumble.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Bumble asserts the following defenses to the Fourth AC and reserves their rights to assert additional defenses.

## FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

316.     Bumble does not infringe and has not infringed, literally or under the doctrine of equivalents, and either directly or indirectly, any valid claim of the '811, '023, and '854 patents.

## SECOND AFFIRMATIVE DEFENSE – PATENT INVALIDITY

317.     One or more claims of the '811, '023, and '854 patents are invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 171.

## THIRD AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

318.     Plaintiff is barred or limited from recovery, in whole or in part, by the doctrine of prosecution history estoppel.

## FOURTH DEFENSE – NO WILLFULNESS

319.     Plaintiff is barred from obtaining a finding of willfulness or receiving enhanced damages because it has failed to allege reprehensible culpability on the part of Bumble, which is prerequisite for a finding of willfulness and an award of enhanced damages.

## FIFTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

320.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES

321.     Plaintiff is barred or limited in recovery, in whole or in part, by failing to meet the requirements of 35 U.S.C. §§ 286, 287, and/or 288.

## SEVENTH AFFIRMATIVE DEFENSE – EQUITABLE DEFENSES

322.     Plaintiff's claims are barred, in whole or in part, by estoppel, acquiescence, waiver, unclean hands, and/or other equitable defenses.  Match has engaged in misleading conduct based upon which Bumble reasonably inferred that Match was making no claim to Bumble technology or otherwise asserting any intellectual property rights.  Further, to the extent Match believed that it Bumble was infringing Match's intellectual property rights or misappropriating Match's trade secrets, Match has known of those claims and engaged in conduct inconsistent with those rights and/or inexcusably delayed asserting such rights to the prejudice of Bumble, with such prejudice including among other things the significant investment Bumble has made in building its brand and associated goodwill.  Lastly, Match's conduct has been misleading, unconscientious, unjust, and marked by a want of good faith.  Permitting Match to pursue its claims would cause significant harm to Bumble.

**EIGHTH AFFIRMATIVE DEFENSE – NO VALID TRADEMARK OR TRADEDRESS**

323.    Match has no valid, protectable marks or trade dress in which it enjoys any rights that may be asserted against Bumble.

**NINTH AFFIRMATIVE DEFENSE – LACHES**

324.    Plaintiff's trademark and trade dress claims are barred, in whole or in part, by the doctrine of laches because Plaintiff unreasonably delayed in asserting its purported rights in its alleged trademarks and trade dress despite, on information and belief, having knowledge of Bumble's activities since at least as early as December 2014, Plaintiff's delay is inexcusable and has caused Bumble undue prejudice.

**TENTH AFFIRMATIVE DEFENSE – FAIR USE**

325.    Plaintiff's trademark infringement claims are barred because Bumble used, fairly and in good faith, the descriptive terms "SWIPE," "SWIPE RIGHT," and "SWIPE LEFT" to accurately identify a common touchscreen gesture used to operate the Bumble app.  As such, Bumble did not infringe Plaintiff's alleged trademark rights in the generic, or at least highly descriptive, terms "SWIPE," "SWIPE RIGHT," and "SWIPE LEFT."

**ELEVENTH AFFIRMATIVE DEFENSE – NON-DISTINCTIVE TRADE DRESS**

326.    Plaintiff's trade dress claims are barred because Plaintiff's claimed trade dress consists of product design, which lacks inherent distinctiveness, and has not acquired secondary meaning.

**TWELVETH AFFIRMATIVE DEFENSE – FUNCTIONALITY**

327.    Plaintiff's trade dress claims are barred because Plaintiff's alleged trade dress claims consist of functional elements.

## THIRTEENTH AFFIRMATIVE DEFENSE – GENERIC TERMS

328.    The claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that the marks and alleged trade dress at issue are generic.

## FOURTEENTH AFFIRMATIVE DEFENSE – THIRD-PARTY USE

329.    The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any trademarks or trade dress at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE – NO LIKELIHOOD OF CONFUSION

330.    Plaintiff's trademark and trade dress-based claims are barred because Bumble's use of any Plaintiff-owned trademarks or trade dress is not likely to cause confusion, deception or mistake among customers as to the source, association or affiliation of either party's goods and services.

## SIXTEENTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS

331.    Plaintiff's trade secret misappropriation claim is barred by the statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE – NO INDEPENDENT ECONOMIC VALUE

332.    Plaintiff's misappropriation of trade secrets claim is barred because Plaintiff's purported trade secret does not derive independent economic value from not being known.

## EIGHTEENTH AFFIRMATIVE DEFENSE – READILY ASSERTAINABLE

333.    Plaintiff's misappropriation of trade secrets claim is barred because Plaintiff's purported trade secret was readily ascertainable by proper means.

## NINTEENTH AFFIRMATIVE DEFENSE – INAPPLICABILITY OF DTSA

334.    The Defense of Trade Secrets Act is inapplicable to allegations of trade secrets misappropriation based on activities occurring before its enactment on May 11, 2016.

## TWENTIETH AFFIRMATIVE DEFENSE – NO INJUNCTIVE RELIEF

335. Plaintiff's demand to enjoin Bumble is barred, at least because Plaintiff has suffered neither harm nor irreparable harm from Bumble's actions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE – PROSECUTION LACHES

336. Plaintiff is barred or limited from recovery, in whole or in part, by the doctrine of prosecution laches.

## OTHER AFFIRMATIVE DEFENSES

337. Bumble reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

## BUMBLE'S PRAYER FOR RELIEF

WHEREFORE, Bumble prays this Court enter judgment:

A. In favor of Bumble and against Match, thereby dismissing Match's Complaint in its entirety, with prejudice, with Match taking nothing by way of its claims;

B. That Bumble has not infringed, contributorily infringed, or induced the infringement of any valid claim of the '811, '023, and '854 Patents;

C. That all asserted claims of the '811, '023, and '854 Patents are invalid and/or unenforceable;

D. That Bumble has not infringed any trademark or trade dress rights alleged by Match;

E. That U.S. Trademark Registration No. 4,465,926 is invalid and unenforceable;

F.      That the trade dress rights claimed by Match are unenforceable due to a lack of both inherent distinctiveness and acquired distinctiveness, and/or because the elements of the claimed trade dress are merely functional;

G.      That Bumble has not misappropriated any trade secrets from Match;

H.      That this is a case that stands out from others and thus an exceptional case under 35 U.S.C. § 285, and ordering Match to pay Bumble reasonable attorneys' fees incurred in this action;

I.      That the Court award Bumble attorneys' fees and costs under the Lanham Act as an exceptional case;

J.      That the Court award Bumble its costs and expenses incurred in this action and its attorneys' fees as permitted by law; and

K.      That the Court award Bumble such other and further relief that it deems appropriate.

## JURY DEMAND

Bumble respectfully requests a trial by jury on all issues so triable.

Dated: August 16, 2019

Respectfully submitted,

By: */s/ Joseph M. Drayton*

Deron R. Dacus (TX 00790553)
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
ddacus@dacusfirm.com

Joseph M. Drayton (*pro hac vice*)
NY Bar No. 2875318
**COOLEY LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
jdrayton@cooley.com

Michael G. Rhodes (*pro hac vice*)
CA Bar No. 116127
Matthew Caplan (*pro hac vice*)
CA Bar No. 260388
**COOLEY LLP**
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone (415) 693-2000
Facsimile: (415) 693-2222
mrhodes@cooley.com
mcaplan@cooley.com

Rose S. Whelan (*pro hac vice*)
DC Bar No. 999367
**COOLEY LLP**
1299 Pennsylvania Ave., N.W.
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
rwhelan@cooley.com

*Attorneys for Defendant Bumble Trading, Inc.,
and Bumble Holding, Ltd.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record on August 16, 2019.

*/s/ Joseph M. Drayton*
Joseph M. Drayton