IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **MATCH GROUP, LLC,**<br><br>*Plaintiff*,<br><br>vs.<br><br>**BUMBLE TRADING, INC., BUMBLE HOLDING, LTD., BADOO TRADING LIMITED, MAGIC LAB CO., WORLDWIDE VISION LIMITED, BADOO LIMITED, BADOO SOFTWARE LIMITED, and BADOO TECHNOLOGIES LIMITED,**<br><br>*Defendants*.<br><br>**BUMBLE TRADING, INC. and BUMBLE HOLDING, LTD.,**<br><br>*Cross-Plaintiffs*,<br><br>vs.<br><br>**MATCH GROUP, LLC and IAC/INTERACTIVE CORP.,**<br><br>*Cross-Defendants.* | Case No.: 6:18-cv-00080-ADA-JCM<br><br>**<u>JURY TRIAL</u>** |

**DEFENDANTS BUMBLE TRADING, INC. AND BUMBLE HOLDING, LTD.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS UNDER RULE 12(B)(6), OR IN THE ALTERNATIVE, STRIKE UNDER RULE 12(F), PLAINTIFF <u>MATCH GROUP, LLC'S FOURTH AMENDED COMPLAINT</u>**

## I. INTRODUCTION

Match's[1] Opposition to Bumble's Motion to Dismiss the Fourth Amended Complaint ("Opposition" or "Opp'n") falls short. Match failed to comply with the scheduling order. The Opposition grasps at straws to suggest otherwise, attempting to rewrite the scheduling order in the process. But Match cannot side-step the plain language requiring leave to add claims.

Nor should Match be granted leave. The Motion explains that the Tenth Cause of Action is nothing more than an assertion of non-liability under Bumble's substantive claims. The Opposition does not bother to deny as much. In the Fifth Circuit, a mirror declaratory relief claim is properly dismissed. The Motion cited an array of decisions from district courts in this circuit, as well as Fifth Circuit decisions binding on this Court, that found the same. The Opposition ignores these decisions, making no reference to them. Match cannot rebut this authority, which compels dismissal of the Tenth Cause of Action here.

## II. ARGUMENT

### A. The Opposition Does Not Justify Match's Failure to Seek Leave to Add Claims.

#### 1. The scheduling order requires leave to add claims of any type.

This Court's scheduling order makes clear that a party seeking to add claims must receive leave of the Court. (*See* Mot. at 3.) There is no ambiguity in the language the Court used: "A motion is not required unless the amendment adds patents or claims." (ECF No. 96.) Despite this language, Match argues that only adding patent claims requires leave. (Opp'n at 3-4.)

Recognizing that the order entered in this case does not support this inventive position, the Opposition relies instead on this Court's model patent scheduling order. (*Id.*) But that order **has**

---

[1] This brief uses the same defined terms as Bumble's Motion to Dismiss Match's Fourth Amended Complaint ("Motion" or "Mot.").

***not been entered in this case*** and is not at issue. Even if this Court had entered its model patent scheduling order (which it did not), Match would ***still*** need leave of the Court to add claims, as the model order states: "Any amendment to add claims requires leave of court so that the Court can address any scheduling issues." (Opp'n at Ex. D (FCF No. 111-5).) Nothing about this language limits the requirement to patent claims.

Next, the Opposition argues that because adding patent claims can impact the scheduling of infringement contentions, patent claims raise specific scheduling concerns. (Opp'n at 4.) This argument is neither here nor there. The addition of any claim to a litigation can affect scheduling. Notably, the default rule—Federal Rules of Civil Procedure, Rule 15(a)(2)—requires leave to amend in the present circumstances, regardless of the nature of the claims ("a party may amend its pleading only with the opposing party's written consent or the court's leave"). Whether patent claims present particular scheduling issues does nothing to change the straightforward requirement of the scheduling order that a party seek leave before adding claims.

The order the Opposition relies on—that was never entered in this case—would have required Match to seek leave. More importantly, the order actually entered required Match to seek leave in no uncertain terms. The Opposition does not excuse Match's failure to abide by this requirement.

### 2. Bumble never agreed that Match could disregard the Scheduling Order.

Match attaches emails between counsel for Match and counsel for Bumble to argue that Bumble agreed Match need not seek leave to amend to add claims. (Opp'n at 4-6.) But these emails show no such thing. In fact, the emails do not disclose that Match intended to add new claims at all; they show only that Match indicated it might add new *parties*. (Opp'n at Ex. C (ECF No. 111-4("In light of this position, we wanted to let you know that we intend to add the Badoo

entities and Worldwide as parties to the 18-cv-80 lawsuit on or before the August 2nd deadline to add parties.").) Bumble does not contend that the addition of new parties violated the scheduling order, only the addition of new claims.

Match's counsel assert that they informed counsel for Bumble of an intent to add a declaratory relief claim over the phone and therefore Bumble should have raised the scheduling order then. But Match offers no evidence of this disclosure. In fact, in an email Match attaches, sent after Bumble's Motion, counsel for Bumble states he has no recollection of any such disclosure: "I do not recall discussing Match adding additional claims against [Bumble] as part of your amended pleading—*we only discussed Match's desire to add new parties* to the case and I certainly did not assent to the propriety of adding new parties or any claims Match would attempt to assert against them." (Opp'n at Ex. H (ECF No. 111-9) (emphasis added).)

Match appears to be arguing that even though it did not inform (at least not clearly or in writing) Bumble it intended to add new claims, Bumble should have proactively reminded Match of its obligations under the order to seek leave before doing so—and Bumble's failure to provide this reminder waives the requirement of the scheduling order. (Opp'n at 4-5.) This argument is frivolous, as Bumble never approved of Match's addition of new claims against Bumble. Regardless, Bumble's conduct could not relieve Match of its obligations under a court order.

### 3. The Court Should Not Grant Match Leave to File.

Match argues, in the alternative, that the Court should grant Match leave to file its Fourth Amended Complaint. (Opp'n at 6-8.) As an initial matter, if Match intends to comply with the scheduling order and seek leave to amend, it should do so through a motion, not an opposition. *See* Local Rule CV-7(a) (setting out motion requirements for leave to file).

Regardless, the Court should deny amendment, as amendment would be futile. *See Matter of Sherwin Alumina Co., L.L.C.*, 932 F.3d 404, 411 (5th Cir. 2019) ("where amendment would

be futile, the court need not grant the plaintiff leave to amend") (citation omitted). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Starrett v. City of Richardson*, 766 F. App'x 108, 112 (5th Cir. 2019) (internal quotation and citation omitted). Here, Match's amendments add a declaratory relief claim against Bumble. But for the reasons discussed in the Motion, and Section II.B *infra*, Match cannot maintain a declaratory relief claim that mirrors the substantive claims Bumble has alleged. That claim is properly dismissed under Rule 12(b)(6) and therefore amendment is improper.

      **B.    The Opposition Does Not Save Match's Tenth Cause of Action for Declaratory Relief.**

As argued in the Motion, a party cannot file counterclaims seeking declaratory relief that it is not liable under the same claims that it is already defending against. (Mot. at 4-5.) In making this argument, Bumble cited two Fifth Circuit decisions and numerous district court decisions in this circuit for the proposition. (*Id.*) *See, e.g., Five Star Royalty Partners, Ltd. v. Mauldin*, No. 16-cv-0465, 2018 WL 2410997, at *11 (W.D. Tex. Apr. 2, 2018) ("Courts in the Fifth Circuit regularly reject counterclaims for declaratory relief where they seek resolution of issues that are the mirror image of, and will be resolved by, a plaintiff's pending claims.") (citations omitted). The Opposition ignores these decisions entirely, relying instead on a single Northern District of Texas decision that predates the Fifth Circuit's holding in *Environment Texas Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 523 (5th Cir. 2016), and two decisions from the Second Circuit. (Opp'n at 8.) Bumble's cases, to which the Opposition has no answer, show that in the Fifth Circuit, declaratory relief claims that merely assert non-liability under pending claims are subject to dismissal. (Mot. at 4-5.)

Match argues that because Bumble asserts declaratory relief claims for non-infringement of Match's patents, it should be allowed to allege its duplicative declaratory relief claims. (Opp'n at 8-9.) This is not, however, a Motion to Dismiss Bumble's claims—and the window for Match to file such a motion has passed. Moreover, Match's own cases recognize that declaratory relief claims for patent non-infringement and invalidity are unique in two ways: (1) as is the case here, the alleged infringement may be allegedly ongoing, meaning the party seeking a declaration has a case and controversy that is broader than the claims presently pending against it and (2) the infringement and validity findings implicate third parties, such as up and downstream affiliates and customers that could be subject to separate infringement actions, again rendering the sought after declaratory relief broader than the infringement claim. *See Ferring B.V. v. Fera Pharms., LLC*, No. 13-cv-4640, 2014 WL 4829053, at *6 (E.D.N.Y. Aug. 13, 2014), *report and recommendation adopted,* 2014 WL 4829458 (E.D.N.Y. Sept. 29, 2014), *adhered to on reconsideration,* 2015 WL 5307793 (E.D.N.Y. Sept. 10, 2015). In fact, this is a further basis to distinguish the cases Match relies on.

### III. CONCLUSION

For the reasons discussed in the Motion and herein, the Tenth Cause of Action in Match's Fourth Amended Complaint should be dismissed or struck.

///

Dated: August 30, 2019                    Respectfully submitted,


                                          By: */s/ Matthew D. Caplan*

                                          Joseph M. Drayton (*pro hac vice*)
                                          NY Bar No. 2875318
                                          **COOLEY LLP**
                                          1114 Avenue of the Americas
                                          New York, NY 10036
                                          Telephone: (212) 479-6000
                                          Facsimile: (212) 479-6275
                                          jdrayton@cooley.com

                                          Michael G. Rhodes (*pro hac vice*)
                                          CA Bar No. 116127
                                          Matthew D. Caplan (*pro hac vice*)
                                          CA Bar No. 260388
                                          **COOLEY LLP**
                                          101 California Street, 5th Floor
                                          San Francisco, CA 94111-5800
                                          Telephone (415) 693-2000
                                          Facsimile: (415) 693-2222
                                          mrhodes@cooley.com
                                          mcaplan@cooley.com

                                          Rose S. Whelan (*Pro Hac Vice*)
                                          DC Bar No. 999367
                                          **COOLEY LLP**
                                          1299 Pennsylvania Ave., N.W.
                                          Suite 700
                                          Washington, DC 20004
                                          Telephone: (202) 842-7800
                                          Facsimile: (202) 842-7899
                                          rwhelan@cooley.com

                                          Deron R. Dacus (TX 00790553)
                                          **THE DACUS FIRM, PC**
                                          821 ESE Loop 323, Suite 430
                                          Tyler, TX 75701
                                          Telephone: (903) 705-1117
                                          Facsimile: (903) 581-2543
                                          ddacus@dacusfirm.com

                                          *Attorneys for Defendants Bumble Trading, Inc.
                                          and Bumble Holding, Ltd.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record on August 30, 2019.

*/s/ Matthew D. Caplan*
Matthew D. Caplan

210365925