IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MATCH GROUP, LLC<br><br>Plaintiff,<br><br>v.<br><br>BUMBLE TRADING INC. and BUMBLE HOLDING, LTD.,<br><br>Defendants.<br><br>BUMBLE TRADING INC. and BUMBLE HOLDING, LTD.,<br><br>Cross-Plaintiffs,<br>v.<br><br>MATCH GROUP, LLC and IAC/INTERACTIVECORP,<br><br>Cross-Defendants. | No. 6:18-cv-00080-ADA<br><br>**JURY TRIAL DEMANDED** |

**MATCH GROUP, LLC'S ANSWER TO BADOO TRADING LIMITED, BADOO LIMITED, BADOO SOFTWARE LIMITED AND BADOO TECHNOLOGIES LIMITED'S COUNTERCLAIMS**

Plaintiff/"Cross-Defendant" Match Group LLC ("Match") hereby files this Answer to the Counterclaims contained in Badoo Trading Limited, Badoo Limited, Badoo Software Limited and Badoo Technologies Limited's Answer to Plaintiff Match Group, LLC's Fourth Amended Complaint (Dkt. 169) and in support thereof would respectfully show the Court the following:

1

## BADOO'S COUNTERCLAIMS

### PARTIES

1. Match admits that public records show that Badoo Trading Limited is a corporation existing under the laws of the United Kingdom with a registered office at the Broadgate Tower, Third Floor, 20 Primrose Street, London EC2A 2RS United Kingdom.

2. Match admits that public records show that Badoo Limited is a corporation existing under the laws of the United Kingdom with a registered office at the Broadgate Tower, Third Floor, 20 Primrose Street, London EC2A 2RS United Kingdom.

3. Match admits that public records show that Badoo Software Limited is a corporation existing under the laws of Malta with a registered office at 332 Agiou Andreou street, 'Patrician Chambers', 3035 Limassol, Cyprus and a registered place of business at K1, Upper Ground Floor, Forni Complex, Triq Xatt, Valletta Waterfront, Floriana FRN 1913, Malta.

4. Match admits that public records show that Badoo Technologies Limited is a Cyprus company with a registered office at 332 Agiou Andreou Str., Patrician Chambers 3035 Limassol, Cyprus and United Kingdom tax residency.

5. Match admits that Match is a limited liability company organized under the laws of Delaware, with its principal place of business located at 8750 N. Central Expressway, Suite 1400, Dallas, Texas.

### JURISDICTION AND VENUE

6. Match admits that the Counterclaims purport to arise under the Patent Act, 35 U.S.C. § 101 et seq., but otherwise denies the remaining allegations set forth in Paragraph 6 of the Counterclaims.

7. For the purposes of this action, Match admits that this Court has personal jurisdiction over Match, but otherwise denies the remaining allegations set forth in Paragraph 7 of the Counterclaims.

8. For the purposes of this action, Match admits that venue is proper in this Court as to Match, but otherwise denies the remaining allegations set forth in Paragraph 8 of the Counterclaims.

## FIRST CAUSE OF ACTION
### Asserted Against Match
### (Non-Infringement of the '811 Patent)

9. Match incorporates by reference its responses to the previous paragraphs of the Counterclaims as it fully set forth herein.

10. Admitted.

11. Match admits that it has accused the Badoo Defendants of infringement of the '811 Patent. Otherwise Paragraph 11 of the Counterclaims states a legal conclusion to which no response is required.

12. Match denies the allegations set forth in Paragraph 12 of the Counterclaims.

13. Based on the stipulation entered between the parties, Match understands that this paragraph is directed to only the Bumble application alone and answers on that basis as follows: Paragraph 13 of the Counterclaims states a legal conclusion to which no response is required. To the extent a response is required, Match denies these allegations.

14. Based on the stipulation entered between the parties, Match understands that this paragraph is directed to only the Bumble application alone and answers on that basis as follows: Paragraph 14 of the Counterclaims states a legal conclusion to which no response is required. To the extent a response is required, Match denies these allegations.

15. Based on the stipulation entered between the parties, Match understands that this paragraph is directed to only the Bumble application alone and answers on that basis as follows: Paragraph 15 of the Counterclaims states a legal conclusion to which no response is required. To the extent a response is required, Match denies these allegations.

16. Paragraph 16 of the Counterclaims states a legal conclusion to which no response is required. To the extent a response is required, Match denies these allegations.

**SECOND CAUSE OF ACTION**
**Asserted Against Match**
**(Non-Infringement of the '023 Patent)**

17. Match incorporates by reference its responses to the previous paragraphs of the Counterclaims as it fully set forth herein.

18. Admitted.

19. Match admits that it has accused the Badoo Defendants of infringement of the '023 Patent. Otherwise Paragraph 19 of the Counterclaims states a legal conclusion to which no response is required.

20. Based on the stipulation entered between the parties, Match understands that this paragraph is directed to only the Bumble application alone and answers on that basis as follows: Paragraph 20 of the Counterclaims states a legal conclusion to which no response is required. To the extent a response is required, Match denies these allegations.

21. Based on the stipulation entered between the parties, Match understands that this paragraph is directed to only the Bumble application alone and answers on that basis as follows: To the extent a response is required, Match denies these allegations.

22. Paragraph 22 of the Counterclaims states a legal conclusion to which no response is required. To the extent a response is required, Match denies these allegations.

## THIRD CAUSE OF ACTION
### Asserted Against Match
### (Non-Infringement of the '854 Patent)

23. Match incorporates by reference its responses to the previous paragraphs of the Counterclaims as if fully set forth herein.

24. Admitted.

25. Match admits that it has accused the Badoo Defendants of infringement of the '854 Patent. Otherwise Paragraph 25 of the Counterclaims states a legal conclusion to which no response is required.

26. Based on the stipulation entered between the parties, Match understands that this paragraph is directed to only the Bumble application alone and answers on that basis as follows: Paragraph 26 of the Counterclaims states a legal conclusion to which no response is required. To the extent a response is required, Match denies these allegations.

27. Based on the stipulation entered between the parties, Match understands that this paragraph is directed to only the Bumble application alone and answers on that basis as follows: Paragraph 27 of the Counterclaims states a legal conclusion to which no response is required. To the extent a response is required, Match denies these allegations.

28. Based on the stipulation entered between the parties, Match understands that this paragraph is directed to only the Bumble application alone and answers on that basis as follows: Paragraph 28 of the Counterclaims states a legal conclusion to which no response is required. To the extent a response is required, Match denies these allegations.

## FOURTH CAUSE OF ACTION
### Asserted Against Match
### (Invalidity of the '811, '023, and '854 Patents)

29.     Match incorporates by reference its responses to the previous paragraphs of the Counterclaims as if fully set forth herein.

30.     Match admits that it contends that the asserted claims of the '811, '023, and '854 Patents are valid and enforceable and that there is a controversy between the parties regarding their validity. Otherwise, Paragraph 30 of the Counterclaims states a legal conclusion to which no response is required.

31.     Paragraph 31 of the Counterclaims states a legal conclusion to which no response is required. To the extent a response is required, Match denies these allegations.

32.     Paragraph 32 of the Counterclaims states a legal conclusion to which no response is required. To the extent a response is required, Match denies these allegations.

33.     Match denies the allegations set forth in Paragraph 33 of the Counterclaims.

34.     Match denies the allegations set forth in Paragraph 34 of the Counterclaims.

35.     Match denies the allegations set forth in Paragraph 35 of the Counterclaims.

36.     Match denies the allegations set forth in Paragraph 36 of the Counterclaims.

37.     Match denies the allegations set forth in Paragraph 37 of the Counterclaims.

38.     Paragraph 38 of the Counterclaims states a legal conclusion to which no response is required. To the extent a response is required, Match denies these allegations.

## RESERVATION OF AFFIRMATIVE DEFENSES

Match hereby reserves the right to assert affirmative defenses as discovery proceeds in this case.

## BADOO DEFENDANTS' PRAYER FOR RELIEF

Match denies all allegations contained in the section entitled "Badoo Defendants' Prayer for Relief," and further denies that any relief should be granted to Badoo whatsoever, as requested in its Counterclaims or otherwise.

## JURY DEMAND

Match demands a jury trial for all issues so triable.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, Match denies any remaining allegations in Badoo's Counterclaims that are directed at Match.

DATED:  May 7, 2020

Respectfully submitted,

**CALDWELL CASSADY & CURRY**

By: */s/ Bradley W. Caldwell*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email:  bcaldwell@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

John P. Palmer
State Bar. 15430600
Email: palmer@namanhowell.com
Naman, Howell, Smith & Lee, PLLC
400 Austin Avenue, 8th Floor
P.O. Box 1470
Waco, TX 76701
Telephone: (254) 755-4100

Facsimile: (254) 754-6331

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT MATCH GROUP, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record on May 7, 2020.

*Bradley W. Caldwell*
Bradley W. Caldwell